WELLES *v.* STOUT.

*(Circuit Court, N. D. Iowa, E. D. May 27, 1889.)*

NATIONAL BANKS—INSOLVENCY—SET-OFF.

In an action by the receiver of an insolvent national bank to recover of a stockholder an assessment on his shares, the defendant alleged as a counter-claim that the comptroller of the currency had directed the bank to restore the value of certain securities held by it which had been reported worthless by an examiner; that certain of the stockholders, including defendant, had raised a fund, which was placed in the hands of trustees, to apply so much as might be from time to time required by the comptroller to retire such securities; that the fund was deposited with the bank, with full notice of the purpose to which it was to be applied; that a portion had been used to retire the securities designated, and that when the bank failed, the balance of the fund came into the hands of the receiver, and was now claimed by him as a part of the ordinary assets of the bank; that a certain portion of this balance belonged to defendant, which amount he asked to set off against plaintiff's demand. *Held,* that a general demurrer, based on the ground that no set-off or counter-claim was available in such an action, would be overruled, as the claim could be set off if it was of such a nature that the holder would be entitled to receive the full amount before distribution by the receiver to general creditors.

At Law. On demurrer to answer and counter-claim.

*William Graham,* for plaintiff.

*Henderson, Hurd, Daniels & Kiesel* and *F. O'Donnell,* for defendant.

SHIRAS, J. The plaintiff, as the receiver of the Commercial National Bank, seeks in this action to recover from the defendant the sum of $5,500, being the amount of an assessment levied upon the shares of the insolvent bank by the comptroller of the currency. The defendant, among other defenses, by an amendment to the answer, set up a counter-claim based upon the following facts: That in December, 1887, the comptroller of the currency sent a letter of advice to the Commercial National Bank, requiring that proper steps be taken to restore the value of certain securities held by the bank which had been reported worthless by a bank examiner, and which impaired the standing of the bank; that in order to comply with the requirement of the comptroller certain of the stockholders of said bank raised a fund of $100,000, to which the defendant contributed the sum of $5,500, which fund was placed in the hands of J. R. Waller and J. K. Graves, as trustees for the contributors of such fund, with authority on their part to use and apply so much of said fund as might from time to time be required to retire such securities of said bank as the comptroller and the bank examiner appointed by him should designate; that said trustees placed said fund in the keeping of said Commercial Bank, with full notice to the bank of the purpose for which it was given, and to which alone it could be applied; that the bank undertook to keep the fund for that purpose, and for no other, and had no authority from said trustees or from the owners of the fund to use the same for any other purpose; that of such fund $54,804.11 was applied by direction of said trustees to the retirement of securities designated by the comptroller; that when the bank failed the remainder of the trust fund was in the hands of the bank for the purpose designated, but no further securities had been designated by the comptroller to the retirement of which it could be applied; that the whole amount of said balance came into the hands of the receiver of the bank, the present plaintiff, who claims it as part of the ordinary assets of the bank; that of this balance the defendant is the owner of $2,485.77 and for this amount and interest he prays judgment, and that the same may be set off against the claim of the receiver, based upon the assessment of 100 per cent. upon the stock owned by defendant. To this counter-claim the plaintiff demurs on several grounds, the first of which is that no set-off, counter-claim, or cross-demand is available as a defense in this action. The statutory counter-claim provided by the Code of Iowa includes matters of recoupment and set-off, and any new matter constituting a cause of action in favor of the defendant against the plaintiff, and owned by the defendant when the suit was brought, may be set up as counter-claim. Code, § 2659. It is, however, urged that under the rules laid down in *Kennedy* v. *Gibson*, 8 Wall. 498; *Sawyer* v. *Hoag*, 17 Wall. 610, and other cases decided by the supreme court, the only remedy open to the defendant is to prove up his claim as a creditor, and take his share of the proceeds realized from the assets of the bank by way of a dividend. If the relation existing on the part of the defendant is simply that of a creditor of the bank, there would be force in the suggestion; but the claim set up on behalf of the defendant is not that the

bank was indebted to him as one of the contributors to the fund in question, but that this fund was a trust fund appropriated to a specific purpose; that the bank received it in trust for this special purpose, and not as an ordinary deposit, creating solely the relation of debtor and creditor; that when the receiver took possession of the bank he received this trust fund, but now claims that it forms part of the ordinary assets of the bank. Practically the charge is that the receiver has wrongfully converted the trust fund, and refuses to account therefor. Suppose the defendant, when the receiver took possession of the bank, had had in the bank a package of United States bonds, or of gold, amounting in value to $5,000, the same being a special deposit, and the receiver had taken possession thereof, sold the same, and added the proceeds to the general fund realized from the ordinary assets of the bank. Certainly defendant, under such circumstances, could have called the receiver to account for the value of the property thus wrongfully converted by him, and could have compelled a restitution to him of the full amount realized from the property. The receiver, by his wrongful act, could not have changed the relation in which the owner of the special deposit stood towards the bank or himself, and make him a simple creditor of the bank for the amount, and as such entitled only to his dividend with other creditors. In the supposed case, the special deposit of the package of bonds or gold did not create the relation simply of creditor and debtor between the depositor and the bank, but rather that of trustee and *cestui que trust*, and this relation would continue attached to the deposit when it passed to the receiver. If the receiver should, under such circumstances, refuse to account for the deposit as a trust fund, and should claim it as part of the ordinary assets of the bank, and convert it into money, and mingle it with other funds in his possession, the owner of the fund, by an appropriate proceeding, could certainly call him to account therefor, and would not be limited simply to the right of filing his claim and receiving a dividend thereon through the comptroller. Holding the claim against the receiver, is there any reason why he might not avail himself of it as a set-off against any claim the receiver might have against him? Certainly, if he could maintain an independent action against the receiver for the recovery of the trust fund or property or its proceeds, he might avail himself of it by way of counter-claim, for the results reached would be identical.

The argument that the assessments upon the capital stock of the bank constitute a trust fund for the common benefit of all the creditors, and that no one who is a stockholder and a creditor of the bank can obtain a greater share of such trust fund by setting off the debt due him as a creditor against his liability as a stockholder, does not meet the question presented in this case.

The point first arising is whether a claim against the receiver, of such a nature that it is entitled to be paid in full before distribution of the assets can be made by way of dividends declared upon the debts due creditors, can be set off by the holder thereof against a claim by the receiver for the amount of an assessment against the same person as a stock-

holder. If the stockholder, though liable for the assessment ·upon the shares of the capital stock owned by him, also holds a claim of such a nature that he is entitled to receive and demand payment thereof in full from the receiver before distribution among the general creditors can be made, why may he not avail himself of the right to plead the same as a set-off or counter-claim to the amount due from him as a stockholder? The amount coming to the general creditors will not be changed by allowing the mutual claims to be set off from what it would be if the stockholder pays to the receiver the amount of his assessment, and the receiver pays to the stockholder the amount the latter is entitled to preferably to the general creditors. In principle such a case would fall within the rule recognized by the supreme court in *Scammon* v. *Kimball*, 92 U. S. 362, and *Carr* v. *Hamilton*, 129 U. S. 252, 9 Sup. Ct. Rep. 295. The broad ground, therefore, taken in the demurrer, that in cases brought by the receiver to recover the assessments upon the capital stock no set-off or counter-claim can be made available, and the party is limited to a right to prove up his claim as a creditor, and receive a dividend thereon, or to an action against the bank, cannot be sustained. If the facts pleaded show that the claim amounts only to a debt due from the bank, arising out of ·the ordinary relation of debtor and creditor, then no facts exist entitling the holder of such a claim to a preference in payment ·over the other general creditors, and in such cases the stockholder cannot avail himself of the right to set off a debt due him from the bank, for that would be giving him an undue preference at the expense of the other creditors. If, however, the facts pleaded show that the claim sought to be set off is of such a nature that the holder thereof is entitled to receive the full amount thereof from the receiver before distribution in the way of dividends can be made to the general creditors, then the right to set off may be allowed.

The principal question, therefore, is whether the facts pleaded show that the claim relied on as a set-off is such that the holder thereof is entitled to call the receiver to an account therefor as a trust fund which passed into his hands as such, and not as an ordinary asset of the insolvent bank. The theory of the defendant is that the fund to which he was a contributor was a trust fund raised for a special purpose, and to which the stockholders contributed in recognition of their liability to be called upon by way of assessment upon the shares held by them; that the fund thus raised was placed in the hands of the bank as a trust fund, to be used solely for the purpose named, and was not deposited in the ordinary way of depositors; that the bank received the fund, knowing its trust character and purpose, and undertook the charge thereof as a trust fund; that the fund thus charged with this trust passed into the hands of the receiver when he took control of the affairs of the bank; and that by treating it as part of the ordinary assets of the bank he has so converted it to his own use as receiver that a right of action therefor has accrued to the contributors of such fund. The question to be determined is the same that would be presented if the defendant had paid in full to the receiver the amount of the assessment made

upon the shares of capital stock held by him, and had then brought suit to recover his share of the fund on the ground that the same was not part of the ordinary assets of the bank in which creditors had an interest, but was a trust fund held by the bank, touching which the relation between the bank and the defendant was that of trustee and beneficiary, and not that of debtor and creditor. If the facts are such that in such a proceeding the defendant could make good his claim to the fund as a special trust, to be accounted for as such, and in regard to which the relation of debtor and creditor between the bank and himself did not exist, and which fund, when it passed to the receiver, was not an asset of the bank, then, as the right of recovery against the receiver would exist in such independent proceeding, the same right may be made available as a set-off to the claim of the receiver. In support of the contention of defendant, the cases of *McLeod* v. *Evans*, 28 N. W. Rep. 173; *Peak* v. *Ellicott*, 1 Pac. Rep, 499; *People* v. *Bank*, 96 N. Y. 32; *Van Alen* v. *Bank*, 52 N. Y. 1; *People* v. *Bank*, 78 N. Y. 269; *City of St. Louis* v. *Johnson*, 5 Dill. 241; *Cook* v. *Tullis*, 18 Wall. 332; *Bank* v. *Insurance Co.*, 104 U. S. 54,—are cited, and it cannot be questioned that they show under what varying circumstances the general rule is recognized and applied, that where property or money received upon a trust to apply it to a special purpose is misapplied by the trustee, it may be traced and followed, and restitution in kind or equivalent value may be enforced. Whether the facts are such in the present case, as to justify the application of this doctrine is the pivotal question, the solution of which can be better undertaken when the exact facts are before the court; and I shall not enter upon a consideration thereof upon the demurrer. It is better that the matter should be heard upon the evidence, rather than upon a demurrer, as in the former mode of presenting the issue the full facts can be brought out, and the rights of the parties be better protected. In that view of the matter the demurrer will be overruled, with leave to present all the questions upon the issues hereafter submitted.

In the second count of the answer the same general facts are presented, but not in the technical form of a counter-claim, with the suggestion that, if need be, the defendant asks leave to file a bill in equity. As the facts are now understood, such a course would seem advisable. The fund that it is alleged was contributed by the stockholders was placed in hands of trustees, and in their name was deposited in the bank. If the right of set-off exists on behalf of the contributors, it would seem to be an equity, rather than a strict legal right to insist that the receiver should perform the trust by applying the trust fund for the benefit of the bank and its creditors on one hand, and the protection of the stockholders on the other; or, if it be viewed as a right to insist on the return of the fund in kind, the trustees and others interested should be parties to the proceeding, in order that the receiver may not be harassed by more than one proceeding. The bill should be filed on behalf of all interested, so that the one proceeding and one decree may settle the rights of all.