WILLIAM A. COLE, RECEIVER, APPELLEE, V. C. E. ADAMS, APPELLANT.

FILED MARCH 16, 1917.   No. 19183.

Banks and Banking: ASSESSMENT OF STOCK: SET-OFF. The value of property owned by a stockholder of an insolvent national bank and delivered by him to the receiver under an agreement that it should be credited on any assessment subsequently levied upon his stock may be pleaded as a set-off in an action to collect a stock-assessment, where the receiver refused to return the property and used the proceeds to increase the assets for the benefit of creditors.

APPEAL from. the district court for Nuckolls county: LESLIE G. HURD, JUDGE.   Reversed.

Stubbs & Stubbs, for appellant.

Dexter T. Barrett, H. H. Mauck and Bernard McNeny, contra.

ROSE, J.

This is an action by the receiver of the insolvent First National Bank of Superior against a stockholder to recover a stock-assessment of $16,862.50, defendant having owned 168.62½ shares and the comptroller of the currency having ordered an assessment of $100 a share.   The answer of defendant contained detailed statements, alleging in substance that he owned promissory notes of the value of $8,799; that he turned them over to a temporary receiver under an agreement that they should be used, if necessary, in liquidating the bank's indebtedness, in such an event their value to be credited on any stock-assessment subsequently levied upon defendant's stock; that the receiver has re-

fused to credit defendant with the proceeds of the notes, but has converted them to the use and benefit of the bank's creditors; that the assets of the bank were sufficient to pay all of its indebtedness; that in any event an assessment of $50 a share would be sufficient, and that therefore the order of the comptroller for an assessment of $100 a share was invalid. For the value of the notes defendant sought credit on the assessment, if valid; if invalid, his prayer was for the return of his property or the proceeds. A demurrer to the plea of set-off was sustained. From a judgment in favor of plaintiff for $17,652, defendant has appealed.

The ruling on the demurrer is presented for review. Defendant contends that the comptroller's order for the assessment does not conclude a stockholder, but may be reviewed in equity, and that, since an equitable defense is available in an action at law, the set-off was a proper plea.

The decision of the comptroller, as a general rule, conclusively determines the necessity for, and the amount of, a stock-assessment. *Kennedy v. Gibson,* 8 Wall. (U. S.) 498; *Rankin v. Barton,* 199 U. S. 228. The comptroller's order does not, however, conclusively determine the liability of a stockholder in a suit against him to collect the assessment. *Moss v. Whitzel,* 108 Fed. 579; *Welles v. Stout,* 38 Fed. 807.

In the case last cited it was held that, in an action to recover an assessment from a stockholder, a set-off for a claim of defendant was properly pleaded, where he "would be entitled to receive the full amount before distribution by the receiver to general creditors." The defendant therein was allowed to set off against the assessment a fund created for a specific purpose amounting to a trust.

According to the answer in the present case, the notes pleaded as a set-off were the individual property of defendant. They were not assets of the bank at the time the receiver took charge of it. They were not available for the payment of general creditors of the bank. The notes were delivered to the temporary receiver for a specific purpose. The proceeds of the notes have been used by the receiver for

the benefit of creditors of the bank.   These are circumstances under which a stockholder is entitled to protection by means of a set-off.  Plaintiff contends that the power of the receiver is limited, and that defendant was bound to take notice of the limits of his authority.  *Ellis v. Little*, 27 Kan. 707.  The receiver, however, has retained the notes and the proceeds have been used for the benefit of the bank's creditors.                                                        ⋆

Plaintiff relies upon *Witters v. Sowles*, 32 Fed. 130.  In an action to collect an assessment it was alleged in the answer that, while the bank was in a failing condition, property was delivered to it under an agreement with its officers and the bank examiner that, in case of a failure, the property should be applied upon a stock-assessment.  A set-off was denied, the court saying:

"This assessment is for the purpose of paying those who were creditors of the bank at the time of its failure.  That property went to pay others not creditors at the time of the failure, so far as it did pay them.  The delivery of the property may have created a liability of the bank; if so, the assessment upon this and the rest of the stock would go ratably upon that and the other liabilities if proved and established.  A set-off cannot be made without depriving others of their ratable proportion.  Besides this, the claims are not in any sense mutual.  The claim of the executor, if he has any, is against the bank.  The assessment never was due to the bank, and does not belong to it.  The assessment belongs to the creditors of the bank, and is recoverable by the receiver, only for the purpose of ratable distribution among them.   *   *   *   This claim is therefore no answer to the claim for the assessment, whether this understanding was had or not, or with the bank examiner or only with others.  There was no receiver, and the examiner did not, and probably did not assume to, represent the creditors."

The case may be distinguished.  In the present case the agreement was made with the receiver after the bank failed.  Defendant's claim is against the receiver and does not deprive the bank's creditors of assets to which they are en-

titled. The proceeds of defendant's property have increased the assets available for the payment of creditors of the bank at the time of its failure.

The district court erred in sustaining the demurrer to the plea of set-off. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.