HENRY MACKAY and Others, Appellants, v. HERBERT A. TREAT, Respondent.

First Department, July 6, 1925.

Pleadings — answer — supplemental answer — action on guaranty of account — defendant is not entitled under Civil Practice Act, § 245, to serve supplemental answer setting up assignment to him by debtor of cause of action against plaintiff.

In an action to recover on a contract of guaranty of payment the defendant is not entitled under section 245 of the Civil Practice Act to an order granting him leave to serve a supplemental answer setting up in addition to the allegations contained in the amended answer, a counterclaim based on an assignment by the debtor, executed after the original answer was served, of an alleged cause of action against the plaintiff arising out of a breach of warranty in the sale of the merchandise for the payment of which the guaranty was executed, for

the defendant was not ignorant of the facts attending the alleged breach of warranty, since he attempted to plead those facts in his amended answer, and the execution of the assignment is not a new fact which occurred after the service of the amended answer.

APPEAL by the plaintiffs, Henry Mackay and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of March, 1925, granting defendant leave to make and serve a supplemental answer.

*Lowther & Smith* [*John M. May* of counsel], for the appellants.

*Goodhue, Morrison & Lynn* [*John D. Lynn* of counsel], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $9,818.41 upon a guaranty given by defendant of the account of the Beaver Tile, Inc., with the plaintiffs. The complaint was served August 21, 1924, and an amended answer was served on October 10, 1924. The action was noticed for trial for the November, 1924, term and a note of issue filed.

The amended answer admits that the defendant signed the instrument dated September 5, 1923, which the plaintiffs allege as a guaranty, and denies the allegations of the complaint which recited that the plaintiffs sold merchandise to the Beaver Tile, Inc., of the agreed and reasonable value of $13,569.41, and that there was a balance due of $9,818.41; and sets up as a separate defense, set-off and counterclaim what is intended to be a claim for a breach of warranty in the sale and delivery of merchandise by the plaintiffs to the Beaver Tile, Inc. The only relief asked by the defendant in this affirmative defense is to set off so much of the damage alleged to have accrued to the Beaver Tile, Inc., as will be necessary to cancel any claim which the plaintiffs might establish at the trial.

After issue was joined the defendant upon the usual notice sought to examine one of the plaintiffs before trial in support of the affirmative allegations of the answer and upon motion of the plaintiffs the said notice of examination was vacated. The court in granting the motion to vacate rendered the following opinion: " The materiality of the examination is not shown to exist in the present state of the pleadings."

Thereafter the defendant took an instrument dated November 21, 1924, which purports to be an assignment from the Beaver Tile, Inc., the principal debtor, to the defendant of any claim that the said Beaver Tile, Inc., might have against the plaintiffs arising out

of any breach of warranty in the sale of merchandise by the plaintiffs to the Beaver Tile, Inc., as alleged in the complaint.

The defendant thereupon made a motion for leave to make a supplemental answer setting up this assignment. The proposed supplemental answer is identical with the amended answer, except that it alleges the assignment and demands an affirmative judgment on its counterclaim against the plaintiffs for $15,000. From the order granting this motion the present appeal is taken.

The motion was made under section 245 of the Civil Practice Act, providing, so far as is here material: " Upon the application of either party, the court may, and in a proper case must, upon such terms as are just, permit him to make a supplemental complaint, answer or reply alleging material facts which occurred after his former pleading or of which he was ignorant when it was made, including the judgment or decree of a competent court rendered after the commencement of the action determining the matters in controversy, or a part thereof."

This section provides for two classes of cases where supplemental pleadings may be allowed: *First,* where material facts have occurred after the former pleading, and *second,* where there were material facts of which the pleader was ignorant when his original pleading was made.

Obviously, defendant does not come within the second class, as so far from being ignorant of the facts attending the alleged breach of warranty, he sought to set them up as a set-off by his amended answer.

Nor does he come within the first class, for an assignment of a claim, occurring after suit brought, is not a proper ground for permitting a supplemental pleading to set it up.

Thus in *Shepard & Morse Lumber Co.* v. *Hurd* (55 App. Div. 627), which was an action to foreclose a chattel mortgage given by defendant, the answer denied the plaintiff's claim as to the amount due. At the trial the plaintiff attempted to prove the amount due by a stipulation previously made between it and Hurd. This was not allowed, as it was not binding on the other defendants. Thereupon the plaintiff obtained an assignment from Hurd's trustee in bankruptcy of all his interest in the property mentioned in the complaint subject to the plaintiff's claim and the claims of the other defendants. The plaintiff then asked for leave to set up the assignment in a supplemental complaint. Leave was granted and on appeal the order was reversed, the court stating in its opinion: " If, by virtue of the recent transfer to it from Hurd or his representatives, it became vested with a better right, a cause of action it did not have before, such right or cause of action cannot, by a supple-

mental complaint, be tacked on to the original, and thus by transfers subsequent to the commencement of the action, the cause of action be changed."

In *Staunton* v. *Swann* (10 N. Y. Civ. Proc. 12) the complaint was by a stockholder for an accounting. The defendant pleaded that plaintiff was not the real party in interest, whereupon the plaintiff moved at Special Term for leave to file a supplemental complaint setting up assignments to him. The Special Term granted the motion, stating that the action being in equity, it believed the plaintiff should be allowed to amend. On appeal to the General Term the order was reversed, and the court in its opinion said: " The law on the subject seems to be very well settled. In *Ervin* v. *Oregon, etc., Co.* (28 Hun, 269, 273) this court held that an assignment made after the commencement of an action did not have a retroactive effect carrying the right to enforce a cause of action which did not exist in favor of the assignees at the time the suit was commenced by them, and the question is quite fully discussed by Mr. Justice BRADY, with whom DANIELS, J., concurred. ' The plaintiff must have the right to recover at the time when he commences his suit.' "

In *Park & Sons Co.* v. *Hubbard* (198 N. Y. 136) the Court of Appeals said: " We agree with the Appellate Division that there was no power in the court to allow a supplemental pleading setting forth acts of the defendants subsequent to the commencement of the action and seeking to recover damages therefor, for which independent actions might have been brought."

No case cited by respondent meets the force of these decisions. The cases relied on by him simply allow the service of a supplemental complaint to enable plaintiff to set up new and severe illnesses developing after the commencement of his action for personal injuries by reason of defendant's negligence, and as a result thereof, which is quite different from the case at bar. Here no substantial right of the defendant is prejudiced by refusing to allow him to serve his supplemental answer. If he has a valid cause of action assigned to him, he can prosecute it against plaintiffs in an independent action.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.