MORRIS FINKELSTEIN, Doing Business as M. FINKELSTEIN TOBACCO COMPANY, Plaintiff, *v.* THE BANK OF UNITED STATES and Another, Defendants.

Supreme Court, Kings County, September 19, 1931.

*Samuel M. Halperin,* for the plaintiff.

*Carl J. Austrian* [*Arthur Ofner* and *George S. Elpern* of counsel], for the defendants.

MAY, J. This is an application for a summary order directing the Superintendent of Banks to turn over to the applicant the sum of $4,668.39, the proceeds of checks and cash deposited in The Bank of United States shortly before eight P. M. on December 9 and 10, 1930.

Under the authority of *Matter of Security Coal Corporation* (142 Misc. 874, presenting substantially similar facts) and of *Altmark* v. *Bank of United States* (N. Y. L. J. March 20, 1931; affd., 233 App. Div. 854), title to the proceeds of checks collected by The Bank of United States prior to the taking over of the bank by the Superintendent on December 11, 1930, became the property of the bank, while title to the proceeds of checks thereafter collected remained in the depositor. The application must, therefore, be denied as to the items aggregating $781.50 consisting of cash deposited December 9, 1930, and checks received and collected prior to December 11, 1930. (See *Baldwin's Bank of Penn Yan* v. *Smith*, 215 N. Y. 76, 82.)

The applicant has satisfactorily established his title to the proceeds of the five checks totaling $1,248.64 deposited on December 10, 1930. With respect to the balance of the items involved, the affidavit of the applicant contains merely the bald and general statement that certain checks were deposited and remained uncollected at the time of the closing of the bank. This I hold to be

insufficient to discharge the burden of proof which the law places upon him to establish title in himself to the moneys in question. (*Stokes* v. *Stokes*, 155 N. Y. 581, 586; *Matter of Auditore*, 136 Misc. 664; *Atlantic Trust Co.* v. *Crystal Water Co.*, 72 App. Div. 539.)

Against the sum of $1,248.64 awarded to the plaintiff, the Superintendent of Banks is entitled to set off $374.59 already paid to the applicant by the Superintendent of Banks in the form of a thirty per cent dividend on said amount, and the sum of $500, representing the liability of the applicant as the owner of twenty shares of stock of The Bank of United States, upon the assessment made by the Superintendent pursuant to section 80 of the Banking Law. The amount of this assessment is a proper setoff in the situation presented. It has been held by the Court of Appeals that in an action to enforce such liability, a stockholder may not set off claims which he may have against the bank in the status of general creditor, but may set off funds held in trust for him, or to which he has title, in possession of the Superintendent. (*Mosler Safe Company* v. *Guardian Trust Company*, 208 N. Y. 524.)

It follows from the reciprocal operation of this remedy that the same right of setoff exists in the Superintendent of Banks against a stockholder.

Similar decisions have been reached in the Federal courts and in other States: *Welles* v. *Stout* (38 Fed. 807); *Korbly* v. *Springfield Institution for Savings* (245 U. S. 330, affg. 218 Fed. 814); *Cole* v. *Adams* (101 Neb. 21); *King* v. *Armstrong* (50 Ohio St. 222).

The decision in the last cited case is decisive of the question here involved. It there appears that the receiver of an insolvent national bank withheld a dividend check from the plaintiffs on the ground that they were assignees of a creditor stockholder. The plaintiffs sued the receiver to compel him to turn over the dividend check to them. The court said (p. 232): " The question in the case, therefore, is whether, upon the facts stated, the receiver is entitled to retain the amount of the dividend due on the debt which the Bank owed [the stockholder] at the time of its failure, and apply it on his liability as a stockholder of the bank. His right to do so, is controverted by the plaintiffs, chiefly on the ground that the cross-demands are not due to and from the parties respectively, in the same right; or, more definitely stated, that the stockholder's liability is for the exclusive and equal benefit of the creditors, and is not a debt due the bank, or an assessment of the bank; while the balance due on [the stockholder's] deposit account, is a debt of the bank, payable out of its assets, which he could not set off against his stockholder's liability, and consequently the receiver, it is plain, cannot set off the liability against the debt, or dividend due upon it."

406

Upon the issues thus presented the court held that the receiver could set off the amount of the stockholder's statutory liability against the dividend.

Justice and expediency require that the Superintendent, who holds both the general assets of the bank and the sums collected upon the assessment as trustee for the benefit of creditors of the bank, be permitted to set off the amount of applicant's statutory liability as stockholder against his distributive share in the assets of the bank. (*Korbly* v. *Springfield Institution for Savings, supra,* at p. 333.)

Settle order on notice in accordance with this opinion.