BRICKEN CONSTRUCTION CORPORATION, Plaintiff, *v.* LEWIS A. CUSHMAN, JR., Defendant.

Supreme Court, Special Term, New York County, June 2, 1937.

*Katz & Sommerich,* for the defendant, for the motion.

*David L. Podell* [*Jacob J. Podell* of counsel], for the plaintiff, opposed.

FRANKENTHALER, J. The former requirement of subdivision 2 of section 266 of the Civil Practice Act, that a cause of action on contract, in order to be used as a counterclaim, had to be one " existing at the commencement of the action," has been repealed (Laws of 1936, chap. 324), and a new section enacted, bearing the same number, which omits that requirement. In addition, section 245-a was added to the Civil Practice Act by chapter 486 of the Laws of 1935. This section provides that the court may permit any party " to serve a supplemental pleading alleging any new and additional cause or causes of action or counterclaims even though such additional causes of action or counterclaims came into existence after the commencement of the action." It appears to have been the intent of the Legislature to permit parties to an action

to litigate between themselves any and all claims which they may possess or acquire against each other up to the time of trial. There is nothing to indicate that the Legislature intended to prohibit plaintiffs or defendants from setting up by way of a supplemental pleading causes of action or counterclaims acquired by assignment subsequent to the date of the commencement of the action. While a defendant should not be encouraged to procure the sale or assignment to himself of causes of action against a plaintiff for the purpose of interposing them as counterclaims, there seems to be nothing in the Civil Practice Act from which a legislative intention to prohibit counterclaims based upon causes of action thus acquired may be inferred. The determination of the Appellate Division in *Mackay* v. *Treat* (213 App. Div. 725), decided prior to the amendments previously referred to, was based upon the interpretation of the statute permitting supplemental pleadings then in force and not upon the proposition that defendants should not be permitted to purchase counterclaims during the pendency of actions against them. If the Legislature wishes to bar such counterclaims, it is for it to enact a statutory provision to that effect. It should be borne in mind that there is much to be said in favor of permitting such counterclaims to be interposed, for circuity of action and multiplicity of suits are thus avoided and the defendant relieved of the necessity of maintaining an independent action against the plaintiff upon the assigned claim — something which could otherwise not be prevented. For the reasons indicated, the court is of the opinion that the Civil Practice Act, in its present form, permits the setting up, by way of a supplemental pleading, of a counterclaim upon a cause of action acquired by assignment after the commencement of the litigation. The motion is accordingly granted to the extent of permitting the defendant to serve a supplemental answer in the form proposed, said service to be made within ten days from the service of a copy of this order, with notice of entry. The case is to retain its present position on the calendar.