SCIENTIFIC AND HOSPITAL SUPPLY CORP., Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, December 6, 1939.

*Alexander Jacobson*, for the plaintiff.

*William C. Chanler, Corporation Counsel* [*John J. Lyden* of counsel], for the defendant.

KATZENSTEIN, J. On October 20, 1936, the plaintiff agreed to sell and deliver to the city of New York forty boxes of hypodermic needles at an agreed price of $420. Plaintiff thereafter breached the agreement by failing and refusing to deliver, whereupon the city of New York purchased like needles in the open market for the sum of $631.20, thereby sustaining damage to the extent of $211.20.

On or about the 18th day of November, 1936, in connection with a bid to supply the defendant with school and other supplies for the year 1937, plaintiff deposited with the defendant the sum of ninety-eight dollars. The contract was not awarded to the plaintiff, who was the low bidder, because it was declared to be an ineligible bidder pursuant to section 1752 of the Charter of the city of New York by reason of its default on the aforementioned sale of needles.

This action is brought by the plaintiff to recover the deposit of ninety-eight dollars deposited as aforesaid. The defendant, by its answer, interposes as a setoff ninety-eight dollars of the claim of the city of New York, which was assigned to the defendant on the 15th day of March, 1938, and prior to the commencement of this action. The consideration for the said assignment was the transfer by the defendant to the city of New York of the deposit made by the plaintiff in connection with its bid.

The matter comes before the court on a motion for judgment on the pleadings made by the plaintiff. The parties have stipulated that all the facts contained in the moving papers are to be deemed true and that the court may award judgment to either party upon the question of law involved.

It is contended by plaintiff that inasmuch as the deposit involved in this action was made as security for the performance by it of a proposed contract with the defendant, it was received by the defendant as a trust fund for that purpose only, to be held by it until the purpose of the trust was terminated and then returned to the plaintiff. It is, therefore, asserted by plaintiff that the transfer of the said fund to the city of New York was null and void. It is also contended that the assignment by the city of New York of a portion of its claim against the plaintiff is also void because the claim is indivisible.

The determination of the motion is dependent upon the propriety of the proposed setoff, regardless of the validity or invalidity of the assignment of the deposit by the defendant to the city of New York, for obviously, if the setoff is validly interposed, judgment must of necessity be awarded to defendant.

By section 84 of the Municipal Court Code of the City of New York, counterclaims are governed by the provisions of law applicable in like cases in the Supreme Court. In 1936 the Legislature of the State of New York, by chapter 324 of the Laws of 1936, in effect September 1, 1936, repealed the former section 266 of the Civil Practice Act and replaced it with the following provision: " A counterclaim may be any cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable." Referring to this amendment to the Civil Practice Act, Justice FRANKENTHALER said in the case of *Bricken Construction Corp.* v. *Cushman* (163 Misc. 371): " It appears to have been the intent of the Legislature to permit parties to an action to litigate between themselves any and all claims which they may possess or acquire against each other up to the time of trial. There is nothing to indicate that the Legislature intended to prohibit plaintiffs or defendants from setting up by way of a supple-

mental pleading causes of action or counterclaims acquired by assignment subsequent to the date of the commencement of the action. While a defendant should not be encouraged to procure the sale or assignment to himself of causes of action against a plaintiff for the purpose of interposing them as counterclaims, there seems to be nothing in the Civil Practice Act from which a legislative intention to prohibit counterclaims based upon causes of action thus acquired may be inferred." The counterclaim in the within action, though obviously acquired by the defendant for the purpose of setoff in this action was, therefore, properly interposed, if it is otherwise valid.

The contention of plaintiff that the assignment of this counterclaim to the defendant is invalid by reason of the fact that only a portion of an otherwise indivisible claim is thus assigned, is untenable. The agreed facts herein indicate that no previous action was brought by the city of New York on its claim against the plaintiff.

The rule against splitting causes of action is thus stated in 1 Corpus Juris (p. 1107): " It does not mean that plaintiff cannot sue for less than is his due, but merely that if he does so he may be precluded from maintaining another action for the remainder of the same demand." Since no previous action was commenced upon the claim, the plaintiff cannot presently object to the interposition of a setoff or counterclaim for less than the full amount of the said claim for damages.

In many respects the case of *Finkelstein* v. *Bank of United States* (142 Misc. 403) is similar to the case at bar. Prior to the commencement of the *Finkelstein* case, the Appellate Division had held that title to the proceeds of checks collected by the Bank of the United States prior to the taking over of the bank by the Superintendent on December 11, 1930, was in the bank, and that title to the proceeds of checks collected by the bank thereafter remained in the depositor. Finkelstein accordingly brought action to recover the proceeds of deposits made by him on December 9 and 10, 1930, which he alleged were not collected prior to the taking over of the bank by the Superintendent. In spite of the fact that title to the said funds was in the plaintiff, the court permitted the Superintendent to set off against said amount the amount of the plaintiff's liability as owner of twenty shares of the stock of the Bank of the United States, upon an assessment made by the Superintendent pursuant to section 80 of the Banking Law.

So in this case the right of the plaintiff to the return of its deposit was and is subject to the counterclaim which the defendant acquired against it.

It follows that the motion of the plaintiff for judgment must be denied and that of the defendant granted.