AUGUST BRANDEEN, APPELLANT, V. RALPH M. BEALE ET AL., APPELLEES.

FILED JULY 13, 1923.  No. 23354.

Insane Persons: APPOINTMENT OF GUARDIAN: VALIDITY. A proceeding in county court for the appointment of a guardian for the person and estate of an alleged incompetent person, which is based upon a petition by a creditor, and not by any relatives or friends of the alleged incompetent, as prescribed by statute (Comp. St. 1922, sec. 1589), and in which the alleged incompetent did not appear and was not represented by guardian *ad litem* or otherwise, and none of the relatives or friends were notified or appeared, and in which there is no finding that the individual was mentally incompetent to have the charge and management of his property, is void and subject to collateral attack.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Reversed.*

*C. C. Flansburg* and *John S. Bishop,* for appellant.

*Sterling F. Mutz, Claude S. Wilson* and *Albert S. Johnston, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD, JJ., BLACKLEDGE, COLBY and REDICK, District Judges.

BLACKLEDGE, District Judge.

The controversy in this case is submitted upon a case stated by agreement of the parties. It arises upon a petition by the plaintiff, appellant, alleging that he had been engaged in operating a general store at Waverly,

Nebraska; that defendants, having conspired together to ruin him and destroy his business, unlawfully obtained possession of his stock of goods and converted them to their own use to the plaintiff's damage.   The defendants answer, admitting ownership of the goods, denying the other allegations of the petition, and further alleging that the plaintiff had no capacity to maintain the action for the reason that he was under guardianship by reason of mental incapacity; that defendant Ralph M. Beale had been duly appointed guardian of plaintiff by the county court of Lancaster county prior to the time of the acts charged in the petition, and that he had ever since continued to act as such guardian, and had not been discharged.   It is the issue raised by this part of the answer as to the status and effect of the guardianship proceedings with which we have to do on this appeal.   This was tried as a plea in abatement in the trial court, and it was then, and is now, agreed by counsel that if the alleged defense was good the action must fail, otherwise it might still be tried.   The district court held the defense good, and dismissed the action.   The plaintiff has appealed, and the question submitted to this court for determination is the validity of the guardianship proceedings, or, rather, whether the same are subject to collateral attack.

The petition in the county court for the appointment of a guardian was by J. D. Lau, one of the defendants, and alleged the residence of the parties; that the petitioner was a creditor of August Brandeen, who was possessed of certain property in the county; and that by reason of advanced age and mental and physical weakness the said Brandeen was incompetent to take charge of and manage said property: that Ralph M. Beale of said county was a suitable and competent person to act as guardian, and prayed for the appointment of Beale as such guardian. A notice was personally served upon Brandeen, as to the form and substance of which no question is raised herein, and on June 22, 1921, a decree was entered finding: "That it is necessary and convenient that a guardian be ap-

pointed of his person and estate for the reasons as set out in the petition filed herein and that Ralph M. Beale is a fit and suitable person to act as such guardian." Other matters are contained in the case stated, but it is not deemed necessary to set them out in the present discussion.

The plaintiff contended, and here contends, that the proceedings were void, and hence subject to collateral attack, and constituted no defense in the present action, because the county court was without jurisdiction, as disclosed thereby, to appoint a guardian, and with this contention we are inclined to agree.

The statute by which an appointment in proper cases is authorized (Comp. St. 1922, sec. 1589) provides:

"When the relatives or friends of any insane person, or of any person who, by reason of extreme old age, or other cause, is mentally incompetent to have the charge and management of his property, shall apply to the county court to have a guardian appointed for him, the court shall cause a notice to be given to the supposed insane or incompetent person of the time and place of hearing the cause, not less than fourteen days before the time so appointed."

It will be noted that the petitioner in this case described himself as a creditor, and it is contended that such a person does not come within the authorization of the statute, but that the only persons authorized to institute the proceedings are the relatives or friends of the incompetent person. It is argued on behalf of appellee that, the county court being a court of general jurisdiction in such matters, all presumptions are to be indulged in support of its judgments and proceedings, and that the fact that the petitioner described himself as a creditor is not inconsistent with the fact of his being also a relative or friend, and that this court should indulge such presumption in support of the proceeding. We think, however, that we are precluded from indulging such presumption. If the petitioner had been either

relative or friend, it would have been as easy to so describe himself as to say that he was a creditor, and if he had regard to the provisions of the statute under which he was applying to the court, the fact that he did not describe himself by either of the terms used therein would lead logically to the inference that he was not entitled to do so. In this particular portion of the statute three classes of guardians are mentioned, namely, those for minors, for insane or incompetent persons, and for spendthrifts. No provision seems to be made as to what particular person or class of persons shall invoke the action of the court in the case of minors. In the case of incompetent persons the statute provides that, when the relatives or friends of the incompetent person apply to the court, then proceedings may be had. It is true, as cited from the case of *Foote v. Chittenden,* 106 Neb. 704, that all matters necessary to give the court jurisdiction upon which the record is silent are presumed. We think, however, that the answer to the argument has been made by the highest court in the land in the case of *Galpin v. Page,* 18 Wall. (U. S.) 350, wherein, in the opinion by Mr. Justice Field, it is said that the presumptions which the law implies in support of the judgments of courts of general jurisdiction only arise with respect to jurisdictional facts concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that the fact was otherwise than as averred. Were not this so, it would not be possible to attack collaterally the judgment of such court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed.

The rule, we think, is that, if the record on the whole shows that something was done to acquire jurisdiction which was insufficient, it will not be presumed that some other thing not shown by the record was done which would confer jurisdiction; and if the court cannot try the question except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or the court is approached in the manner provided. 12 Ency. Pl. & Pr. 120. The proceeding, so far as the jurisdiction of the county court is concerned, is purely statutory; and as it is one involving both the rights of person and property, according to all rules of law applicable to such proceedings, the statute must be strictly followed or the court or officer exercising the authority will not obtain jurisdiction and their proceedings will be void. This was held by the supreme court of Wisconsin in the *Appeal of Royston,* 53 Wis. 612, which was determined under a statute requiring that in such cases a relative or friend of the person for whom the appointment of a guardian was sought should present to the county court of the proper county a verified petition. The petition in that case showed it was made by a friend, but it was not verified, and upon that ground the court held the proceedings void. This was an appeal from the circuit court, the case had been tried *de novo* in that court upon appeal from the county court, and the supreme court held that the circuit court acquired no jurisdiction because the county court had none and dismissed the whole proceeding. Although dismissing the case upon the ground stated, it is said in the opinion that the county court should not proceed in such cases, even upon the application of a friend, unless it appears from the petition that there is some good reason why the application is not made by the relatives.

In this case the alleged incompetent did not appear in person or otherwise at the hearing, no guardian *ad litem* was appointed for him, and no relative or friend was notified of, or appeared at, the hearing. This court in

*Prante v. Lompe,* 77 Neb. 377, held that in such cases the next of kin are proper parties and may appear in court and contest the proceeding. The supreme court of Michigan, under a statute identical in terms with ours, has held that notice must be given to the heirs presumptive and next of kin in order to confer jurisdiction. *In re Myers,* 73 Mich 401; *In re Bassett,* 68 Mich. 348. It is also held by the same court that it is necessary that there be a decree by the judge of probate adjudging the person mentally incompetent and that the adjudication should appear of record. *North v. Joslin,* 59 Mich. 624. It would seem that jurisdictional requirements have not been met.

It is urged that we should follow in this case the rule which has been prescribed in reference to proceedings for the administration of estates as stated in *Larson v. Union P. R. Co.,* 70 Neb. 261, to the effect that even a stranger may make the necessary petition or application to the county court. We think, however, that there are material and substantial reasons which would render the application of that rule improper in cases of this kind. Administration proceedings are essentially *in rem* and their primary purpose the collection and distribution of assets of a deceased person. This proceeding is essentially *in personam* and has to do with the liberty of an individual and incidentally the control of what property he may have. In administration proceedings the court, before action, gives a notice which is binding upon all the world; in this guardianship proceeding no notice was given, other than to the incompetent. The statute under consideration in the *Larson* case does not prescribe the person by whom the application is to be made, but the classes of persons to whom administration may be granted; it was therefore, properly held that the determination of that fact had relation to the manner of exercise of jurisdiction. In this case we are upon its threshold met with the statutory requirement that, when the relatives or friends of the supposed incompetent apply to the court,

then the court shall act. This would seem to exclude the right of action by the court except under the conditions prescribed. And so we have here an instance wherein the application to the court was not made by any one of the classes of persons prescribed by the statute, none of those persons were notified of, or were present or participated in, the proceeding; no guardian *ad litem* was appointed for the alleged incompetent; he was not otherwise represented and did not appear at the hearing; nor does the decree contain a specific finding that he was mentally incompetent to have the charge and management of his property. Under these circumstances, and for the reasons stated, we are constrained to hold that the guardianship proceedings in question were void and subject to collateral attack.

Other questions are discussed in the briefs, but they are incidental, and this disposition of the principal controversy disposes of the case. The judgment of the district court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

REVERSED.