Brandeen v. Lau.

AUGUST BRANDEEN, APPELLEE, V. JOHN D. LAU ET AL., APPELLANTS.

FILED DECEMBER 31, 1924.   No. 24134.

1. Judgment: COLLATERAL ATTACK. "The sufficiency of the petition," in a court of record, "is not a test of jurisdiction, as the court may commit an error in holding it sufficient; but this, if the court had jurisdiction, will not render the judgment subject to collateral attack." *Taylor v. Coots*, 32 Neb. 30.

2. ———: JURISDICTION. The omission of an allegation of a jurisdictional fact, in a judgment of a court of record, is cured by proof of the existence of such fact, and where, in such court, a judgment is rendered, and is silent with respect to a jurisdictional fact, it will be presumed that the court acted within its jurisdiction. Woerner's American Law of Administration (3d ed.) secs. 143-145.

3. Courts: JURISDICTION. Jurisdiction of the subject-matter, in a court of record, is to be tested by the authorized extent of the powers of the court in respect of the cause of actio.. before it. Woerner's American Law of Administration (3d ed.) sec. 144.

4. ———: ———. In a court of record, it is not essential that every jurisdictional fact appear upon the face of the record, and if a petition sets out facts sufficient to show a cause of action within the general jurisdiction of the court, and no facts appear upon the face of the record establishing that no jurisdiction exists, all presumptions are resolveu in favor of the power of the court to act.

5. Judgment: NUNC PRO TUNC ENTRY. The county court, as a court of record, "may enter a judgment *nunc pro tunc* on motion and notice, and the fact that the application therefor is not made for a considerable time after the judgment was rendered does not deprive the court of jurisdiction." *Phelps v. Wolff*, 74 Neb. 44.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Reversed.*

*Claude S. Wilson, Albert S. Johnston* and *Sterling F. Mutz,* for appellants.

*C. C. Flansburg* and *John S. Bishop, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

Brandeen v. Lau.

DEAN, J.

This is the second appearance of this case in this court. The former opinion, under *Brandeen v. Beale,* is reported in 110 Neb. 686, to which reference is had for a statement of the material facts, which do not need to be repeated here.

When the mandate was issued from this court, after argument on the first submission, defendants Beale and Lau filed a motion in the county court, January 7, 1924, wherein they jointly moved "for an order *nunc pro tunc*" that a substituted decree be filed for the decree appointing the guardian, which was "filed June 22, 1921, to conform to the actual findings of said court and judgment rendered at said time, for the reason that said original decree appointing the guardian was not complete and did not conform to the actual findings of fact and judgment rendered by the court at said time." Incorporated in and as a part of the same motion was an application to the county court "for leave to amend the original petition of J. D. Lau filed herein on June 6, 1921, to conform to the proof, by inserting after the word 'creditor' in the fourth line of said petition the words 'and friend.' "

January 14, 1924, the county court sustained the motion, and, pursuant thereto, the petition was amended and a substituted decree was filed to conform to the actual findings of the court which were made and pronounced at the time the case was heard and the decree of the court was rendered. The substituted decree bore the date of June 22, 1921, that being the date when it was rendered. In this substituted decree it is shown that, at the second hearing August Brandeen was "represented in county court by his attorneys."

April 28, 1924, August Brandeen, by the same counsel which formerly appeared for him in the county court, and also appear for him now in this court, filed a petition in error in the district court in and for Lancaster county.

Upon submission the district court found: "That there was error in the proceedings of the county court of Lancaster county, Nebraska, as set forth in said transcript, and

which appears upon the face of the record, in this: First, the court had no jurisdiction, power or authority to permit the amendment of the petition by adding the allegation 'and friend;' second, that, the court having no jurisdiction of the proceedings, it had no authority or power to permit the amendment *nunc pro tunc* of its former judgment and decree, and that its action in so doing was void."

From the judgment so rendered in the district court, defendants Beale and Lau have brought the record here to have it reviewed.

The former opinion of this court in this suit, which is above cited, would be, ordinarily, the law of the case. *Donnelly v. Sovereign Camp, W. O. W.*, 111 Neb. 499, 508. But the former opinion herein had to do with the record in this suit as it then was, and as the record and facts were presented at that time. At the last hearing in the district court, however, we think the court erred in reversing the judgment of the county court, for the reasons hereinafter appearing.

Plaintiff admits that the substituted decree of the county court, which is involved here, "found all of the necessary facts which the original decree lacked." With this admission by plaintiff there is no need for further reference to the recitals in the substituted decree.

But, in the former opinion, this "substituted decree" was not, of course, before the court. Nevertheless, as above noted, it "found all of the necessary facts." And this is the decree which was pronounced, and rendered, by the court in the first instance, but, by inadvertence or mistake, it did not so appear in the record. Hence, on application, this substituted decree, which conformed to the facts, was properly filed and dated as of June 22, 1921, as above noted.

The decree passed on by this court, when it was first before us, did not reflect the findings of the county court, and the former opinion holds that the recitals in that decree were insufficient to constitute a valid decree. And in the former opinion the sufficiency of the petition was passed on, but this was not necessary to a determination of the

case. So that the "law of the case" rule does not apply to an immaterial fact which is passed on but which was not necessary to be decided. But, in all other respects the former opinion herein is the law of the case, by which we are bound, and it need not be further discussed here.

The amendment of the petition in the county court was a superfluous act. It was not necessary to amend the petition to confer jurisdiction because, as hereinafter pointed out, the court already had jurisdiction. It follows that it is immaterial whether the original petition was amended or left as it was when it was filed. The real point in the case is: What judgment did the county court render at the close of the hearing in the first instance?

"The sufficiency of the petition is not a test of jurisdiction, as the court may commit an error in holding it sufficient; but this, if the court had jurisdiction, will not render the judgment subject to collateral attack." *Taylor v. Coots,* 32 Neb. 30. See, also, *Howell v. Ross,* 69 Neb. 1; *In re Estate of Nelson,* 81 Neb. 363.

In this state county courts are courts of record vested with general jurisdiction in probate and guardianship matters, and in a court of record it is not essential that every jurisdictional fact appear upon the face of the record. If a petition sets out facts sufficient to show a cause of action within the general jurisdiction of the court, and no facts appear upon the face of the record establishing that no jurisdiction exists, all presumptions are resolved in favor of the power of the court to act. The substituted decree, in the present case, evidences the existence of all the necessary jurisdictional facts. The evidence upon which the county court acted, both at the time of the original hearing and at the hearing upon the motion, has not been preserved. That the case when first heard was tried upon the theory that Lau was a friend of the incompetent affirmatively appears in the substituted decree.

The *nunc pro tunc* order merely sets forth the actual facts and the proofs, as presented at the hearing, and, there being no evidence to the contrary, this court must

presume that the facts are as stated in that order, and that the findings and order as made at the time of the *nunc pro tunc* entry speak the truth as to what actually occurred at the original hearing. It was not the amendment to the original petition, granted at the time when the *nunc pro tunc* order was made, which conferred jurisdiction, as above noted. The fact is that jurisdiction actually existed at the first hearing but the record did not fully set this forth.

In respect of the conclusiveness of the judgments of probate courts, it has been said by a recognized authority: "If it be found that the tribunal is one competent *to decide* whether the facts in any given matter confer jurisdiction, it follows with inexorable necessity that, if it decides that it has jurisdiction, then its judgments within the scope of the subject-matters over which its authority extends, in proceedings following the lawful allegation of circumstances requiring the exercise of its power, are conclusive against all the world, unless reversed on appeal, or avoided for error or fraud in a direct proceeding. * * * Thus it is denied by the federal courts that courts of probate are in any technical sense *inferior* courts, and their judgments within the sphere of their jurisdiction are as conclusive as those of the circuit or any other general court, and entitled to the same intendments and presumptions in their favor." Woerner's American Law of Administration (3d ed.) sec. 145. In the same work, in section 143, this is said: "It is held that federal courts, although of limited jurisdiction, are not inferior courts in the technical sense; and that their judgments, although reversible by writ of error or appeal, are binding, although the facts conferring jurisdiction be not alleged in the pleadings. * * * It has also been held that the omission of an allegation of a jurisdictional fact on the record is cured by proof of the existence of such fact. And a distinction has been made between cases falling within the usual or general powers of the probate court, in which case if the record is silent with respect to any fact necessary to give jurisdiction, it will be presumed that

Brandeen v. Lau.

the court acted within its jurisdiction." And in section 144 the author says: "Jurisdiction of the subject-matter is to be tested by the authorized extent of the powers of the court in regard to the alleged cause of action; and if the court had power to try that, did try it, and pronounced judgment thereon, the question cannot again be tried in another court."

Counsel contend that they should be given an opportunity for another hearing in the county court. In view of the record before us we do not think so. The decree of June 22, 1921, is a final decree and was unappealed from. It may be observed that some confusion has crept into the record from the fact that counsel refer to the decree which was passed on in the former opinion herein as the first decree and to the substituted decree as the second decree. But the county court rendered only one decree herein, namely, the substituted decree, and it was properly entered under date of June 22, 1921, that being the date of its actual rendition.

The rule seems to be that a court of record, and the county court is a court of record, may enter a judgment *nunc pro tunc* on motion and notice, and the fact that the application therefor is not made for a considerable time after the judgment was rendered does not deprive the court of jurisdiction. *Phelps v. Wolff*, 74 Neb. 44. Comp. St. 1922, sec. 1129. In the *Phelps* case in the body of the opinion this is said of a decree that was entered in the journal approximately eight years after its pronouncement: "It is beyond question that the district court had jurisdiction to order the decree, which was actually rendered by Judge Marshall on the 7th of December, 1895, entered upon the journal of the court as of that date." And this was done in the present case. See *Hyde v. Michelson*, 52 Neb. 680.

The record seems fairly to disclose that the main object of defendant's motion in the county court was to the end that the substituted decree should truthfully declare the findings of the court, which was made June 22, 1921, and that its judgment, based on the proved facts, was pro-

nounced and rendered when the case was first heard. But the original decree failed to show this. Hence, the substituted decree, pursuant to the *nunc pro tunc* order of the court, was properly filed as of June 22, 1921, to conform to the actual findings and decree of the court made on that date, all as hereinbefore pointed out.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.

MORRISSEY, C. J., and ROSE, J., dissent.

Note—See Courts, 15 C. J. secs. 35, 146, 158; Judgments, 34 C. J. secs. 841, 860, 861.