AUGUST BRANDEEN, APPELLANT, v. RALPH M. BEALE ET AL., APPELLEES.

FILED JUNE 27, 1928. No. 26382.

· *C. C. Flansburg* and *John S. Bishop,* for appellant.

*Claude S. Wilson, Roy F. Gilkeson, Hymen Rosenberg* and *Sterling F. Mutz, contra.* ·

Heard before GOSS, C. J. ROSE, DEAN, GOOD and HOWELL, JJ., and PROUDFIT and REDICK, District Judges.

GOSS, C. J.

Plaintiff appeals from an order, made December 1, 1927, dismissing his action against the defendants, upon the plaintiff refusing to plead further and electing to stand upon his petition after the court had made orders, on October 6, 1927, sustaining separate motions of defendants to strike the plaintiff's petition from the files.

This is the fourth appearance of this litigation in this court in one form or another. The prior occasions were (1) in *Brandeen v. Beale,* 110 Neb. 686, decided July 13, 1923, lost by plaintiff in the district court, wherein Brandeen appealed and secured a reversal on the ground that the guardianship proceedings attacked by him were void; (2) in *Brandeen v. Lau,* 113 Neb. 34, decided December 31, 1924, won by plaintiff in the district court, wherein defendants appealed and secured a reversal on the ground that a *nunc pro tunc* order made in the guardianship pro-

ceedings, after the mandate in the first case went down, should have been recognized by the district court in error proceedings from the county court; and (3) in *Brandeen v. Beale*, No. 25436, a commissioner's opinion, decided October 13, 1926, not reported, but which is the law of that case under the statute relating to opinions written by the commission and approved by the court. Laws 1927, ch. 69. In that case, Brandeen had appealed from an order of the district court dismissing his action against John D. Lau and H. P. Lau Company, on motion of the defendants for judgment on the pleadings, without prejudice to his proceeding in the county court. The petition in that suit was for damages against the defendants for a conspiracy to destroy his business. The defendants had answered setting up as defenses the guardianship proceedings, including the *nunc pro tunc* proceedings of January 14, 1924. The plaintiff replied, challenging the guardianship of Beale and the *nunc pro tunc* decree in those proceedings in almost the identical manner he has attacked them here. The opinion affirmed the judgment of the district court sustaining the motion of defendants for judgment on the pleadings. In that opinion the court said: "The appellant, if he felt that a fraud had been practiced upon him in the procurement of a judgment appointing a guardian over him, had a clear and statutory remedy. Section 9160, Comp. St. 1922, provides that a district court shall have power to vacate or modify its own judgments and orders after term, among other things—'For fraud practiced by the successful party in obtaining the judgment.' Section 9168 provides that the provisions contained in section 9160 apply also to the supreme and county courts."

It seems that Brandeen then brought this action in the county court, following the suggestion above quoted from the opinion in the last case. He apparently, however, relies not only on that fourth subdivision thus quoted but also on that portion of the third subdivision of section 9160 giving power to the county and district courts to vacate or modify its judgments after term for "irregular-

ity in obtaining a judgment or order." The transcript alone does not contain all of the related and helpful facts required to make this rather confusing case clearer. In the briefs of both parties, however, we discover statements to the effect that the proceedings were begun in the county court after the mandate in the last case before our court (No. 25436, heretofore quoted) had been made effective in the district and county courts by proper entries, Brandeen evidently filed in the county court, on January 5, 1927, an application or petition that the *nunc pro tunc* order obtained by Beale, appointing him guardian of Brandeen, be set aside because induced by fraud of the defendants and because irregularly made. Ultimately, on August 5, 1927, the county court sustained the motion of defendants to strike the petition for the reason it showed on its face that plaintiff was not entitled to bring or maintain the action. Brandeen's transcript on appeal from the county court was filed August 15, 1927, in the district court.

The transcript of the district court proceedings shows that the petition was filed August 25, 1927; that on October 6, 1927, the court sustained the separate motions of the defendants Lau and Beale to strike the petition from the files on the ground it shows on its face that plaintiff is not entitled to bring or maintain the action; and that, on December 1, 1927, the plaintiff refusing to plead further and electing to stand on his petition, the case was dismissed.

At most, there are only two questions at issue in the case: Whether the court erred in striking the petition from the files; and whether the court erred in dismissing the case. In reality they are one. In effect the parties assent to this in their arguments. They agree, also, that a motion to strike a petition from the files because the facts pleaded are insufficient, having been sustained by the court, is in effect a general demurrer, it admits the truth of all well-pleaded facts.

Many things are discussed in the briefs. It seems to us our only task is to discover what facts are well pleaded

in the petition and to decide whether they sustain plaintiff's cause of action against the defendants.

The plaintiff alleged that, on June 6, 1921, the defendants filed in the county court a petition for the appointment of a guardian for the plaintiff, a copy of which is attached and made a part of the petition. An examination of this copy shows that the petitioner was described merely as "a creditor of the said August Brandeen." The petition further alleges the issuance of notice of hearing on the same day as the filing of the petition, served on the following day on plaintiff; that the filing of the petition and the subsequent proceedings in the county court "were a part of a fraud or conspiracy on the part of the defendants to unlawfully obtain possession of the property of the plaintiff and to deprive him of his property and liberty and condemn him to a civil death;" that thereafter, between June 7, and June 22, 1921, "in furtherance of said conspiracy and in order to induce plaintiff not to appear in said guardianship proceedings, the defendants, orally, falsely and fraudulently represented to the plaintiff that said petition for the appointment of a guardian was filed through inadvertence, error, or mistake and would be withdrawn and said proceedings dismissed; that the plaintiff should not worry or trouble himself about said petition or proceedings, did not need to go to any expense in the matter, and did not need to attend the hearing on June 22, 1921, or be represented thereat, because the defendants would dismiss said proceedings;" believing the representations true and relying thereon, plaintiff did not appear to oppose the appointment, he believed the guardianship proceedings had been dismissed, and would have appeared in opposition had he not relied upon said promises; that he had and has a complete defense to the application for guardianship, that he was at all times mentally and physically strong, able to manage his business, and was in fact operating his business and managing his property, as defendants well knew, and that said appointment was procured by false swearing and by the fraud and conspiracy of the defendants as

alleged; that on June 22, 1921, the defendants, in violation of their representations and promises to have the guardianship proceedings dismissed, secretly and wrongfully appeared in the county court, concealed from and failed to disclose to said court the facts of their inducement to plaintiff not to appear, and that plaintiff was competent and personally conducting his business, but they falsely and fraudulently represented that the plaintiff was incompetent, and that he consented to or desired the appointment of a guardian; that by reason of said fraud and deceit the county court was misled, deceived and tricked into entering a judgment or decree appointing the said Beale as guardian of the person and estate of plaintiff, a copy of said decree being attached to and made a part of the petition; that the petition did not state facts sufficient to confer jurisdiction upon the court and the decree was invalid and the proceedings wholly void, as later declared, on July 13, 1923, by the supreme court, in the case of *Brandeen v. Beale,* 110 Neb. 686; that on January 7, 1924, the defendants served on plaintiff notice of a motion to "correct the record *nunc pro tunc,*" to be heard in the county court on January 10, 1924, and "that the plaintiff appeared specially in said court and challenged the jurisdiction of the court and its power to hear said motion because of lack of jurisdiction of both the person and the subject-matter; that such special appearance was argued and submitted to the court and taken under advisement; that there never was any hearing on said motion in said county court; that no showing in support of said motion was filed; that no witness was sworn or examined; that no evidence was offered or received; and the plaintiff did not have his day in court and was denied opportunity to oppose the appointment of a guardian of his person and property and was stigmatized as incompetent and condemned to 'civil death.' * * * That there was irregularity in entering said *nunc pro tunc* order or decree in that it was entered contrary to the course of law and the practice of said county court; without any ruling upon the special appearance of the plaintiff; with-

out any hearing on said motion to 'correct the record *nunc pro tunc;*' without giving the plaintiff his day in court or opportunity to oppose said motion; without any showing being filed, or offered, or received in support of said motion; without any witness being sworn or examined; without any evidence being offered or received; and that it was based upon the personal recollection of the judge alone, or on 'facts locked in the breast of the judge,' and not on any paper or file in the case, or the minutes of the judge, or an entry of the clerk made at the time; that it was a transparent expedient or device to validate a void proceeding and escape from the decision of the supreme court holding said proceedings void and said county court without any jurisdiction of the cause of action or the person of this plaintiff; that the court was without jurisdiction of the person of this plaintiff; that the court was without jurisdiction of the subject-matter of said proceedings; that it was a mutilation of the record and not a correction; that this plaintiff was competent and not subject to guardianship; that no notice of the time and place of hearing 'no less than fourteen days before the time so appointed,' as required by section 1589 of the Compiled Statutes of Nebraska for 1922, was given; that there was no 'full hearing and examination,' as required by section 1590 of the Compiled Statutes of Nebraska for 1922; that there was no examination of the plaintiff, or of any member of his family, or of any physician who knew or had examined or observed the plaintiff or of any disinterested witness claiming to have knowledge of the mental condition or competency of the plaintiff."

"Wherefore, the plaintiff prays that said *nunc pro tunc* order or decree pretending to appoint the said Ralph M. Beale guardian of the person and estate of the plaintiff be set aside and vacated and found and declared to be invalid and of no force and effect, and for such other, further and different relief as may be equitable and just."

Attached to the petition and made by reference a part thereof are four exhibits, among which is the order com-

plained of, dated June 22, 1921, which was the date of the original order appointing Beale guardian in the county court. The order was actually entered on January 14, 1924, and under its authority Lau's relation to Brandeen was extended in the original petition for guardianship by the words "and friend" added to the former description of "creditor."

On January 5, 1927, as the commencement of this present case, appellant filed his petition in the county court to set aside the order on the two grounds of fraud and irregularity. The appellees say that the statute of limitations has run against the action for fraud, and that the action for irregularity has been concluded by the facts and by the prior litigation.

As to the statute of limitations on the cause of action for fraud: The fourth subdivision of section 9160, Comp. St. 1922, grants power to the district court to modify or vacate its judgments after the term for fraud practiced by the successful party; section 9161 provides for the proceedings by petition; section 9167 provides that proceedings to vacate or modify a judgment or order for the cause mentioned in the aforesaid fourth subdivision must be commenced within two years after the judgment was rendered or order made; and section 9168 makes the provisions of these sections applicable to the supreme and county courts. The sections here referred to, relating to the action based on fraud, were considered in *Krause v. Long*, 109 Neb. 846, and the rule was stated, as supported by cases, as follows:

"The rule obtains in this and some other jurisdictions that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief against the enforcement of a judgment procured by fraud the party must not have neglected to avail himself of a statutory remedy. *Van Antwerp v. Lathrop*, 70 Neb. 747; *State v. Lincoln Medical College*, 86 Neb. 269; *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44; *Proctor v. Pettitt*, 25 Neb. 96; 23 Cyc. 981; *Wirth*

*v. Weigand,* 85 Neb. 115; *National Surety Co. v. State Bank,* 56 C. C. A. 657; *Thompson v. Laughlin,* 91 Cal. 313."

It seems perfectly apparent that Brandeen knew for a long time before the entry *nunc pro tunc,* on January 14, 1924, substantially all, if not all, the facts as to the fraud charged by him as the procuring cause of the guardianship over him. At any rate, all the fraud he now charges was known to him on that date and he cannot be permitted to take advantage of the two-year statute of limitations on the ground of fraud by his petition filed nearly three years after the order last complained of was made. We may state the rule as applied to this phase of the case in these words: In a proceeding brought under section 9160, Comp. St. 1922, to modify or vacate a judgment on account of fraud, after the two years from the rendition of the judgment, if the petition shows that the facts were discovered within the period of limitation and fails to show any good reason why the two years should be extended, it is not error for the court, on motion or demurrer, to strike the petition from the files.

We proceed to consider the cause of action for irregularity in entering the order or judgment. The same section of the statute, 9160, but in subdivision 3, gives power to the district court after the term to vacate or modify its own judgments for irregularity in obtaining the judgment. Under section 9167 the statute of limitations in this phase is fixed at three years. Section 9168 makes these provisions applicable to the supreme and county courts. The suit was commenced on January 5, 1927, to vacate the order entered January 14, 1924. Thus it was within the period fixed by statute. The appellees contend that the entry of this *nunc pro tunc* order was not an irregularity within the contemplation of the statute and that it has already been passed upon in the litigation between the parties.

By reference to the record in *Brandeen v. Beale,* No. 25436, we find that, in Brandeen's reply filed in the district court on January 20, 1926, it was pleaded, with reference

to the justification afforded by the *nunc pro tunc* order, set up in the answers of the defendants, that the plaintiff appeared in the county court January 10, 1924, and objected to the consideration of the motion for the judgment for the reason, among others, that the court lacked jurisdiction of both the person and the subject-matter; and he pleaded that the county court had no jurisdiction or authority to make or enter such order, alleging, as he does in the present case, that there was no hearing on the merits, no witnesses examined, no ruling on his objections to jurisdiction; previously in the case of *Brandeen v. Lau,* 113 Neb. 34, the same questions had been litigated between the parties, the district court had held with Brandeen, and this court had reversed the district court and held that the county court had jurisdiction to render the *nunc pro tunc* judgment complained of. We think that the facts deduced from these former hearings show that, ever since the fall of 1921, Brandeen has been aware of the alleged fraud perpetrated upon him by the appointment of a guardian, and that he has sought in the two cases cited to attack the regularity of the order then and now complained of. Counsel for appellant has cited many instances in which judgments have been set aside for irregularities and has sought to apply them here. Their appeal would have been cogent at an earlier stage of the litigation over this particular branch of the case, but we are of the opinion that this court, particularly in the case of *Brandeen v. Lau,* 113 Neb. 34, definitely foreclosed appellant from further attack on the regularity of that judgment. It is the law controlling this case. Section 9160, Comp. St. 1922, may not be invoked by a litigant in a separate suit in equity to vacate or modify a judgment for irregularity in obtaining it, after such judgment, in a suit between the same parties, on the same issues, has been pronounced by this court as regularly obtained.

We are of the opinion that the judgment of the district court was right, and it is                    AFFIRMED.