WALTER C. JOHNSON ET AL., APPELLANTS, V. BERT M. MARSH ET AL., APPELLEES.

19 N. W. 2d 366

FILED JUNE 22, 1945. No. 31930.

*O. B. Clark,* for appellants.

*Brown, Crossman, West, Barton & Fitch* and *Kennedy, Holland, DeLacy & Svoboda* and *Lester L. Dunn,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

The plaintiffs in this action are the surviving nephews and nieces and successors in interest of surviving nephews and nieces of Ellen C. Marsh, deceased, without issue. Defendants, Melvin Johnson, Edith Johnson Unger, Charlotte Johnson Hintz and Luella Johnson Gardner, are also surviving nephews and nieces of decedent who refused to join with plaintiffs and have been named as defendants. Ellen C. Marsh, deceased, was the wife of DeWitt C. Marsh, deceased. Defendants, Bert M. Marsh, Harry Marsh and Retta McGee Dunning, are his nephews and niece. Defendant, Massachusetts Bonding and Insurance Company, was surety upon the bond of defendant, Arnold C. Blattspieler, special administrator of the estate of DeWitt C. Marsh, and

defendant, United States Fidelity and Guaranty Company, was surety upon the bond of defendants, Bert.M. Marsh and Fred H. Bruning, the executors of his estate.

The action was filed in the district court for Saline county on August 8, 1942, to obtain an accounting against all defendants, except defendant nephews and nieces who refused to join as plaintiffs, for property alleged to have constituted the estate of Ellen C. Marsh, deceased. An amended petition was filed on October 22, 1943. To plaintiffs' amended petition defendants filed demurrers which were sustained by the trial court. The plaintiffs elected to stand upon their amended petition and declined to plead further. Thereupon the trial court entered a judgment dismissing the action. Plaintiffs appealed to this court contending that the trial court erred in sustaining the demurrers and entering judgment of dismissal. We find that these contentions cannot be sustained.

Plaintiffs allege in substance that at the time of the marriage of DeWitt C. Marsh and Ellen C. Johnson in 1866 the husband had no property. Thereafter the wife acquired a separate estate of $7,500 which they both used in their business transactions. On July 1, 1891, they entered into a written postnuptial property agreement. They then had an estate of approximately $50,000. Plaintiffs do not have a copy of the agreement but its substance is alleged in the petition. It provided that they should thereafter each own an undivided one-half interest in all their property, including accumulations, and upon the death of either the survivor would take a life interest in the undivided one-half interest of the estate of the first deceased, at the expiration of which the estate of the first deceased would go to his or her heirs. They each waived and renounced all rights of inheritance and agreed to make distribution of his or her estate to the heirs at law of the first deceased.

It is claimed that this contract continued in full force and effect until the death of Ellen C. Marsh intestate and without issue on May 22, 1929, at which time they had accumulated property valued at approximately $562,000. DeWitt

C. Marsh, her husband, died without wife or issue April 15, 1932. They had resided in Nebraska as husband and wife a great many years and both were residents of Saline county at the time of their death. Ellen C. Marsh left surviving as her sole heirs at law, the plaintiffs, their predecessors in interest, her four nephews and nieces made defendants and her husband who after her death retained possession of her undivided one-half interest in the estate, as provided in the agreement, holding it in trust for her heirs at law, including plaintiffs. Claim is made that after the death of his wife, DeWitt C. Marsh executed a valid will devising her estate as provided in the postnuptial agreement which was never revoked and was in full force and effect at the time of his death. Plaintiffs do not have a copy of the will and its provisions are not recited.

Plaintiffs allege that in the latter months of his life DeWitt C. Marsh was mentally incompetent to make a will. Thereupon defendants, Fred H. Bruning and Arnold C. Blattspieler, who sustained a confidential relationship with him, together with defendants, Bert M. Marsh, Harry Marsh and Retta McGee Dunning, entered into a conspiracy to defraud Ellen C. Marsh's heirs and secure her estate for themselves and others with full knowledge of the postnuptial agreement and the valid will both of which were secreted or destroyed.

They also allege that on March 28, 1932, the conspirators, with knowledge of his incompetency to make a will, caused to be prepared and published a purported valid will of DeWitt C. Marsh and after his death caused it to be filed in the county court of Saline county for probate, together with the appointment of defendants, Bert M. Marsh and Fred H. Bruning as executors named in the will. William E. Lyon contested its probate but the conspirators by false testimony and suppression of facts procured an order of probate whereupon contestant appealed to the district court. Arnold C. Blattspieler was then appointed special administrator. He qualified, gave approved bond and took possession of all the personal property in the possession of DeWitt C.

Marsh at the time of his death, together with all the real estate, the title to which was in DeWitt C. Marsh.

It is alleged that thereafter the special administrator unlawfully paid $20,000 to William E. Lyon and others and by extrinsic fraud secured dismissal of the appeal in the district court and secured issue of letters testamentary in the county court to Bert M. Marsh and Fred H. Bruning as executors who qualified, gave approved bond and took possession of all the property then in the hands of the special administrator. Thereafter, defendants by extrinsic fraud procured a final decree of the county court distributing all the property to themselves and other persons, as provided in the will, to which they now hold the apparent title and right to possession, failing and refusing to account therefor to plaintiffs although holding all of the same in trust for them.

Plaintiffs assert that the conspirators violated their legal duty and did not fully disclose to the county court and the district court all the true facts and circumstances. That they suppressed all communications between plaintiffs and DeWitt C. Marsh after the death of Ellen C. Marsh. That they fraudulently concealed from and did not notify plaintiffs, who were nonresidents, of the death of DeWitt C. Marsh, the existence of the postnuptial agreement and prior valid will or the legal proceedings in the county and district courts. By reason thereof plaintiffs did not learn of facts and circumstances which would put them as reasonable persons upon inquiry until the spring of 1940 and thereafter plaintiffs acted diligently and with dispatch in making inquiry as to the facts. They made application for administration of Ellen C. Marsh's estate June 15, 1940, and obtained decree of heirship February 27, 1942.

Plaintiffs pray for an accounting of all money and property coming into the possession of defendants, or any of them, belonging to Ellen C. Marsh or DeWitt C. Marsh during the lifetime of either of them or belonging to the estate of either of them after death whether the same was a part of the estate of Ellen C. Marsh, as claimed in the petition, or a part of the estate of DeWitt C. Marsh, and whether de-

fendants came into possession of the property by reason of the admission to probate of the will of DeWitt C. Marsh, or otherwise. They pray that all such property belonging to the estate of Ellen C. Marsh be declared to belong to plaintiffs in their proportionate share or that in lieu thereof they be awarded a personal judgment with a lien upon the real estate therefor, together with attorney's fees, costs and equitable relief.

Preliminary to discussion of the merits, we call attention to the rule announced in *Richter v. City of Lincoln,* 136 Neb. 289, 285 N. W. 593, to the effect that: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, and material, and well pleaded; but does not admit the conclusions of the pleader, except when supported by, and necessarily result from, the facts pleaded. It does not admit inferences of the pleader from the facts alleged, nor mere expressions of opinion, nor theories of the pleader, nor allegations of the pleader as to what will happen in the future, nor arguments, nor allegations contrary to the facts of which judicial notice is taken, or which are contrary to law."

In this connection this court has held:

"The general rule is that, while a court will take judicial notice of its own records, it will not in one case take judicial notice of the record in another case.

"However, where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action." *Witzenburg v. State,* 140 Neb. 171, 299 N. W. 533. The latter rule was recently approved and reaffirmed by this court in *In re Estate of McCleneghan,* 145 Neb. 707, 17 N. W. 2d 923. In that opinion, referring to *Witzenburg v. State, supra,* it was said: "We think that case and the cases cited in support of the rule indicate that it has no application to the rule herein announced. The rule in those cases indicates

that this court will take judicial notice of final orders of this court made in the same case on a former appeal or in other cases which are so interdependent as to warrant the application of the rule. These are exceptions to the general rule warranted from the necessity of giving effect to former holdings which finally decide questions of fact and law."

Bearing these rules in mind we find that *In re Estate of Marsh*, 145 Neb. 559, 17 N. W. 2d 471, and *Bend v. Marsh*, 145 Neb. 780, 18 N. W. 2d 107, are interwoven and interdependent cases which come within the exception to the general rule, above set forth, and govern decision in the case at bar.

One of the plaintiffs here, Blanche Allen Bend, a niece of Ellen C. Marsh, deceased, was sole plaintiff in *Bend v. Marsh, supra*. The principal defendants are the same in all three cases. They all involve primarily a collateral attack upon the validity of the will executed by DeWitt C. Marsh on March 28, 1932, its probate on May 20, 1932, by the county court of Saline county, and its subsequent final decree of May 12, 1933, distributing the assets of his estate. In each case there appear very similar allegations of lack of testamentary capacity, undue influence, confidential relationship, concealment, fraud and conspiracy in connection with the will and some part or all of the estate thus devised and distributed. In each of the cases demurrers of defendants were sustained by the trial court and the actions dismissed. We affirmed the action of the trial court in the two above cited cases as we must the one at bar. To find otherwise would give no effect to the valid orders and decrees of the district court for and the county court of Saline county entered a decade or more before plaintiffs filed this action and twice heretofore approved by this court.

Only recently this court has held: "Postnuptial contracts entered into by husband and wife while complete marriage relation exists settling their property rights, including their respective rights of inheritance in property of the other, are invalid." *Focht v. Wakefield*, 145 Neb. 568, 17 N. W.

2d 627. See *Smith v. Johnson,* 144 Neb. 769, 14 N. W. 2d 424.

Clearly the alleged agreement between Ellen C. Marsh and DeWitt C. Marsh, her husband, by virtue of which it is claimed that DeWitt C. Marsh held the property involved in trust for plaintiffs was, if it existed, a postnuptial agreement and invalid. Since plaintiffs can claim nothing under the invalid postnuptial agreement they are relegated to the claim that Ellen C. Marsh had a separate estate at the time of her death, one-half of which was fraudulently distributed as assets of DeWitt C. Marsh's estate, or that there was a prior valid will of DeWitt C. Marsh wherein he devised one-half of his property, which then stood in his name and possession, to the heirs of Ellen C. Marsh, among whom are the plaintiffs, and that his subsequent will was invalid and its probate, together with final decree of distribution thereunder, was fraudulently procured. If that be true, then the time and place to have asserted such claim was when the subsequent purported will was offered for probate in the county court of Saline county on April 19, 1932, and while proceedings were pending therein or subsequently by statutory proceedings within the time fixed by statute. This the plaintiffs failed to do.

It is apparent at once then that the alleged invalidity of the subsequent will of DeWitt C. Marsh, its probate in the county court and the final decree distributing the estate, now claimed by plaintiffs, is the keystone of the arch supporting plaintiff's case. If that be true, this action is a collateral attack upon those proceedings which under the circumstances is not now available to them and their action is barred by every applicable statute of limitations and their own laches.

In *In re Estate of Marsh, supra,* we decided that the order of the district court entered August 8, 1932, dismissing the appeal of William E. Lyon from the judgment of the county court of Saline county, entered May 20, 1932, finding that the will of DeWitt C. Marsh dated March 28, 1932, was his last will and testament and admitting it to probate was

valid, not subject to collateral attack and operated as an affirmance of the judgment of the county court. With reference to allegations made by plaintiffs therein concerning lack of testamentary capacity, undue influence, confidential relations with deceased, conspiracy and fraud it was found that all such matters could have been raised by plaintiffs in the *in rem* proceeding instituted in the county court of Saline county on April 19, 1932, for the probate of the will, as objections thereto or subsequently by statutory proceedings within the time fixed by statute, which they had failed to do. It was found that since plaintiffs' action had not been filed until May 7, 1943, the time within which such proceeding could be brought had long since passed. We then applied the rule announced in *Brandeen v. Beale*, 117 Neb. 291, 220 N. W. 298, and other cases cited, which provides: "The rule obtains in this and some other jurisdictions that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief against the enforcement of a judgment procured by fraud the party must not have neglected to avail himself of a statutory remedy."

The petition in *Bend v. Marsh, supra*, was filed in the district court for Saline county, Nebraska, August 14, 1942, just six days after the original petition was filed in the present case. We found in the opinion that Blanche Allen Bend who is one of the plaintiffs in the case at bar had actual knowledge of the death of DeWitt C. Marsh within a month after it occurred. The property claimed by her in that case is part of the same real estate in which all these plaintiffs now claim an interest. She also asked for a money judgment. She claimed that her action did not arise out of or through the estate of DeWitt C. Marsh but by reason of an agreement with Ellen C. Marsh and DeWitt C. Marsh during their lifetime and that upon the theory of constructive trust she could recover the property then in the hands of third persons, defendants here who were alleged to have fraudulently taken and distributed the property with knowledge of the agreement. Plaintiff assumes a similar position in the case at bar.

In the opinion it was said: "Plaintiff alleges, contends and bases many of her propositions on the theory that the order of the district court for Saline county entered on August 8, 1932, in the matter of the Estate of DeWitt C. Marsh, Deceased, dismissing the appeal of William E. Lyon, contestant, is void and consequently the will of deceased dated March 28, 1932, has never been allowed and admitted to probate and that there has never been a legal administration of the estate. This has been decided to the contrary in *In re Estate of Marsh,* 145 Neb. 559, 17 N. W. 2d 471. Consequently, all of plaintiff's allegations with reference to the execution of the will, the lack of testamentary capacity, the exercise of undue influence and fraud practiced upon both the county court and the district court are without merit for all of these matters could have been raised either directly in the proceeding in the county court of Saline county, instituted on April 19, 1932, for the allowance and admission of the will as objections thereto or subsequently by statutory proceedings within the time fixed by statute. The time within which such proceedings could be brought has long passed." We then again applied the rule announced by this court in *Brandeen v. Beale, supra.*

With reference to the contention that her action did not arise out of or through the estate of DeWitt C. Marsh but by reason of a constructive trust, it was found: "Where, as here, the plaintiff knew of the death and had constructive notice of the probate of his will (*Miller v. Estate of Miller,* 69 Neb. 441, 95 N. W. 1010) and by reasonable diligence could have ascertained that the property was being handled as part of the estate and being distributed as such under the provisions of the will, we think the statute applies and has run. There was no concealment of how the property involved was being considered and handled. It was listed as part of the assets of the estate and distributed as such. For more than the statutory period the plaintiff has had her right to sue but failed to bring an action. She is barred as to all the defendants under every applicable statute of limitations."

It was also found that her action was barred by laches. The rule decisive of that question, as quoted in *Bend v. Marsh, supra,* is: "Independently of any limitation for the guidance of courts of law, equity may, in the exercise of its own inherent powers, refuse relief where it is sought after undue and unexplained delay, and when injustice would be done in the particular case by granting the relief asked." In applying that rule it was said in the opinion: "The neglect of the plaintiff in waiting more than ten years from the time she knew, or ought to have known from the circumstances of which she had notice or by reasonable diligence could have ascertained, that the deceased had failed to carry out the terms of the agreement before commencing her action to recover the property she claims by reason thereof, and permitting it to be included in his estate and distributed under his will as such and received by part of the residuary devisees and legatees who received the same as part of their share of the estate, is such laches as will bar the granting of the relief for which she here prays."

In the case at bar plaintiffs do not plead ignorance of the death of Ellen C. Marsh on May 22, 1929, which occurred more than eleven years before any attempt was made to administer her estate and more than thirteen years before this action was filed. At least one of these plaintiffs had actual knowledge of the death of DeWitt C. Marsh more than ten years before this action was filed. All of the plaintiffs had constructive notice of the probate of his will more than ten years and the distribution of his estate under the will more than nine years before this action was filed. See *Miller v. Estate of Miller, supra; In re Estate of Sieker,* 89 Neb. 216, 131 N. W. 204; *In re Estate of Kelly,* 103 Neb. 513, 172 N. W. 758. It was held in *In re Estate of Sweeney,* 94 Neb. 834, 144 N. W. 902, that "A proceeding in the probate court to settle the estate of a decedent is a proceeding *in rem,* and every one interested in such settlement is a party in the probate court whether he is named or not, and this is particularly true as to the distribution of an estate under a will."

We are of the opinion that the conclusions reached and the propositions of law stated in *In re Estate of Marsh, supra,* and *Bend v. Marsh, supra,* are applicable to and decisive of the case at bar. Other interesting questions of law are ably presented in brief of counsel but we do not deem it necessary to discuss them. For the reasons heretofore stated we conclude that the judgment of the trial court was correct and it is affirmed.

AFFIRMED.