FRANK E. VAN ANTWERP ET AL. V. G. W. LATHROP ET AL.

FILED JANUARY 21, 1904. No. 13,254.

1. **New Trial:** PETITION. Although it is only inferentially alleged that the issue of payment was raised in a foreclosure case, yet a petition for a new trial states good ground for such action, which sets forth a fraudulent erasure of a cancelation of a mortgage, and perjury by the prevailing party as to the cancelation and the erasure of it, and due diligence by the other party, and inability to discover it in time for the trial.

2. ———: FRAUD: EQUITY. Where such a petition fails to set forth that the facts were not discovered within two years of the trial, and fails to show any reason for extending the two years allowed by statute for setting aside judgments for fraud, equity is powerless to relieve.

ERROR to the district court for Custer county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*H. M. Sullivan,* for plaintiffs in error.

*Mockett & Polk* and *R. E. Brega, contra.*

HASTINGS, C.

The plaintiffs in this case complain of a sustaining of a demurrer to their petition in the district court. They allege that they are husband and wife, and that defendants are brothers of the wife; that her father obtained title by a homestead entry made in 1881 to land in Custer county; that from 1881 until his death in 1893 he made his home with the plaintiffs most of the time, but at his death was in Wisconsin and had there all of his papers and effects; that in 1885 plaintiffs mortgaged 160 acres of land in Cus-

ter county to the Lombard Investment Company for the sum of $500; that, during the time the father lived with the plaintiffs, it was the understanding that they were to care for and maintain him during his lifetime, and at his death his land should be devised to them; that in 1890 the $500 mortgage upon plaintiffs' land fell due, and they had no means to meet it; that they were negotiating for a new loan, when defendants' father proposed that defendants should take up and satisfy the mortgage, and that he, the father, would take care of it; that defendants paid the mortgage, with the understanding and agreement that they should have the father's land in consideration of it; that the father's land in Custer county was shortly afterwards, in pursuance of the agreement, deeded to the defendants to indemnify them for the mortgage payment; that plaintiffs had no indication, until late in the year 1898, that the mortgage was not paid; that defendants then demanded deed of plaintiffs' land, and threatened foreclosure proceedings if it was not made; it was refused, and the foreclosure proceedings begun in March, 1899; plaintiffs' only knowledge of the arrangements between the defendants and their father was through the latter, and the further fact that no demand was ever made upon them for principal or interest for nearly nine years; that plaintiffs never saw the note and mortgage from its execution in 1885 until the trial on October 3, 1900, at which time it was disclosed that there had been written in ink across the note and mortgage, in different places, the word "paid," and it had been sought to be erased; that the note and mortgage, from the time of payment to the investment company in 1891, had been in the possession of the defendants and of their father.   Defendants each testified by deposition at the hearing in the foreclosure case, in substance, that they bought the mortgage, and that the word "paid" was written by mistake by some agent of the investment company, at the time the defendants acquired the note and mortgage; that plaintiffs had no facts at that time to disprove said statement, and a decree of foreclosure was rendered for

the sum of $1,135, and $40 costs; that plaintiffs at the trial were able only to testify to statements made to them by the father, as to the agreement between him and the defendants for the satisfaction of the mortgage, and that no demand was made by them from 1891, when the defendants obtained it, until 1898, and if they could have sworn that the word "paid" was written by defendants' father or by one of the defendants at his request, when he deeded his land to them, the decree would have been in plaintiffs' favor.    The plaintiffs allege that, when their father deeded the land to the defendants in pursuance of the agreement, he caused the word "paid" to be written across the note and mortgage, and that the defendants fraudulently attempted to erase it that it might not be evidence against them; that their testimony given at the trial, that the words were written by some agent of the investment company before it was delivered to them, was not true and that they knew it was untrue, and if the writing had not been erased, and defendants had not made this false statement, the decree would have been in plaintiffs' favor; that the Lombard Investment Company, prior to the institution of this action, was dissolved, and its employees, agents and officers long ago scattered; that plaintiffs had no personal acquaintance with any of such employees, agents or officers and had no means to disprove defendants' false statements; that, for a long time after the trial, plaintiffs could gain no knowledge of the whereabouts of the mortgage company's agents or officers; that it was finally ascertained that one of the officers, who was familiar with the handwriting of the employees in the office, was in the state of New York, and it was finally ascertained from him that the word "paid" on the note and mortgage was not written by any person connected with said office; that plaintiffs have only lately, and much less than two years ago, learned that said words were not written at the time the note and mortgage were transferred to defendants, and that plaintiffs are now able to say that the handwriting of the word "paid" on the note and mortgage is that of one of the defendants; that such

erasures were so skillfully made that it was impossible to
identify the handwriting, until the idea was suggested to
have the words photographed by a powerful instrument,
which was done, and the handwriting of the word "paid"
was made so plain in the picture that plaintiffs are able to
identify it as that of one of the defendants; that this was
only recently done.   Plaintiffs say that the father's land
was worth much more than the amount of the mortgage;
that order of sale has been issued on the decree, and plain-
tiffs' premises are about to be sold under it, and they ask
an injunction against the enforcement of the decree, and
that it might be vacated and set aside, and for equitable re-
lief.   Demurrer, was filed to this petition, that it did not
state facts sufficient to constitute a cause of action; that
it showed upon its face that the decree had been rendered
more than two years before the commencement of the
action, and that the latter is barred by the statute of limi-
tations, and that there was not sufficient showing to entitle
plaintiffs to equitable relief.

The petition was filed April 8, 1903, and alleges, as above
indicated, that the decree complained of was rendered on
October 3, 1900.   The trial court found that the petition
stated no cause of action; that the judgment sought to be
set aside was rendered more than two years before it was
filed, and that action to have that judgment opened up on
the ground sought was barred by the statute of limitations.
Judgment of dismissal was entered, and plaintiffs bring
error.

The question presented here is, does the petition, above
summarized, present facts sufficient to warrant the inter-
position of a court of equity to set aside the decree two
years and six months after its rendition?

It is objected by the defendants that this petition is de-
fective in not setting out what the pleadings were in the
answer to the foreclosure action.   It is true that this is
only inferentially alleged.   It is alleged that the defense of
payment by the father was known to the parties, and it is
alleged that the evidence of the unlawful erasure and of the

handwriting of the original indorsement of payment would have secured to the plaintiffs a favorable decree. It certainly appears by fair intendment from the petition that the payment by the father, or through the conveyance of his land in Custer county, was set up in the former action, sufficiently so to require any defect in that particular to be remedied by request for a more distinct allegation rather than subject the whole petition to a demurrer.

It is also complained that the allegations that the indorsement on the note and mortgage of the word "paid" was not written by any employee of the investment company, but was written by one of the defendants, are only upon information and belief. A fair interpretation of the petition will not bear this construction. It is true that there is an allegation that some of these facts were learned by correspondence, but there is also a distinct allegation that they can identify the handwriting, and that they were positively informed that the investment company did not place the canceling words on the instruments.

A more serious objection, perhaps, is that the evidence alleged would not avail to establish perjury. It is not, however, claimed that the pleader who alleges the fact of perjury is bound, at the same time, to set up all the evidence at his command to establish it. It would seem sufficient that he alleges in positive terms perjury by the party prevailing, and alleges a sufficient degree of diligence on his part to guard against the consequences of such statements. In the comparatively few cases which can be found of the setting aside of a decree or judgment for perjury by the prevailing party, the element of surprise is usually present, or else that of the complete lack by the other party of the information on that particular point. The latter seems to be what is relied upon in the present instance. It would seem that there is sufficient in this petition, if these statements were all admitted to be true, to call for the setting aside of this decree. A case fully as strong is *Marshall v. Holmes,* 141 U. S. 589, and is somewhat similiar in its facts, only in that case a forged letter, instead of

a fraudulent erasure, is the ground of relief. In *Marshall v. Holmes*, however, the allegations of the petition expressly cover one point, which is not covered in the present case, namely, it alleged a failure to discover the falsity of the evidence until after the lapse of the time in which a motion for new trial could have been made. The petition in the present case entirely fails to allege that the facts set forth were not all discovered before the two years had run, which the statute gives for an application to set aside a judgment for fraud of the prevailing party. Code, sec. 609. This statute is peremptory, and while its provisions, and that of section 602, to which it refers, have been many times held cumulative and in addition to general equity powers, such general equity powers can only be invoked where good reason is shown why the special remedies provided by the code have not been resorted to. No such reason appears in this case. No cause is given why application was not made under the fourth clause of section 602 of the code to set aside this judgment within the two years allowed by section 609 for such purpose. Under this state of affairs it seems clear that the finding of the district court, that the action is barred by the statute, must be affirmed.

It is recommended that the decree of the district court dismissing plaintiffs' petition be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.