STATE, EX REL. ELLA MAY NELSON, APPELLEE, V. LINCOLN
MEDICAL COLLEGE ET AL., APPELLANTS.

FILED MARCH 10, 1910.   No. 16,048.

Judgment: PETITION TO VACATE: SUFFICIENCY.   In a proceeding
    brought under section 602 of the code to open up a judgment
    on account of fraud after the expiration of two years from its
    rendition, if the petition fails to set forth that the facts were
    not discovered within two years thereafter, and fails to show
    any reason why the two years should be extended, it is not error
    for the district court to refuse to take jurisdiction, and on
    motion strike the petition from the files.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE.   Affirmed.

*Tibbets & Anderson*, for appellants.

*Charles O. Whedon* and *James A. Brown*, contra.

LETTON, J.

This is an appeal from an order of the district court
striking from the files a petition of respondents to set
aside the judgment formerly rendered in this case, and
to be permitted to file additional and supplemental re-
turns to the writ of mandamus heretofore issued, for the
alleged reason that the relator perpetrated a fraud in the
trial of the case by giving false and perjured testimony
in a material matter; that the false testimony was know-
ingly and fraudulently given and produced for the pur-
pose of substantiating a material issue in the case.   The
allegations of fraud and perjury are set out fully and
specifically in the petition, and, though objected to by
the respondents, are sufficiently specific to warrant the
district court to take proofs, and if satisfied of their
truth and materiality to set aside the judgment.   The
most serious question is with regard to whether the ap-
plication was made in time under the provisions of sec-

tion 609 of the code. This section provides: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions 4, 5 and 7 of section 602 must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or person of unsound mind, and then within two years after removal of such disability."

This proceeding is brought under subdivision 4 of section 602, and consequently must be commenced within two years. The judgment sought to set aside was rendered June 27, 1906. The present application was filed November 27, 1908, and consequently beyond the time limit fixed by the statute, unless some reason for not filing it within the two years appears in the petition. The allegations with respect to this in the petition are as follows: "These respondents, and each of them, further allege that they had no knowledge of such fraud and forgery, and no knowledge that the said Ella May Nelson had testified falsely, and no knowledge that said diploma was a forgery until a long time after the judgment was rendered in this case in this court, and after an appeal and submission of the case to the supreme court of the state of Nebraska, and that, upon learning of said facts, these respondents, and each of them, made application to the supreme court of the state of Nebraska for permission to reopen said case in said court and take additional testimony; that said application was denied, for the reason that the supreme court had no jurisdiction to grant such application, but that the proper forum for such application was in the district court of Lancaster county, Nebraska." There is nothing in the facts alleged to show that full knowledge did not come to the respondents within the two years, and, the statutory period having elapsed, it was incumbent on the petitioners to allege some facts excusing the failure to comply with the statute. While we are not bound to do so, we have taken pains to examine the records in this court as to the time of appeal and submission of the case. The transcript on

appeals was filed in this court December 26, 1906, and the case submitted December 3, 1907. There remained 18 months after the appeal was taken, and 6 months and 24 days after the submission of the case, until the expiration of the two-year period within which the petition might have been filed. It was held in *Van Antwerp v. Lathrop,* 70 Neb. 747, in which case a similar petition was filed two years and six months after the rendition of judgment, that, "where such a petition fails to set forth that the facts were not discovered within two years of the trial, and fails to show any reason for extending the two years allowed by statute for setting aside judgments for fraud, equity is powerless to relieve." The rule would certainly not be more liberal in a purely statutory proceeding. The petition failing to show a case in which the district court had power to act, the order striking it from the files was justified.

The judgment of the district court is therefore

AFFIRMED.