CHARLES E. ALLEN ET AL., APPELLEES, V. A. J. WHITE ET
AL., APPELLANTS.

FILED MARCH 1, 1919.   No. 20292.

1. Corporations: PURCHASE OF STOCK: ELEMENTS OF CONTRACT. Arti-
cles of incorporation and the statutes relating thereto are by con-
struction material parts of the contract executed when a person
becomes a stockholder by purchasing stock of the corporation.

2. ———: AMENDMENT OF ARTICLES: RIGHTS OF MINORITY. A ma-
jority of the stockholders of a corporation cannot, by amending
the articles of incorporation, deprive the minority, without their
consent, of their contractual rights to dividends under the articles
as originally adopted.

APPEAL from the district court for Dawson county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*H. M. Sullivan* and *Cook & Cook*, for appellants.

*George C. Gillan* and *Wilcox & Halligan*, contra.

ALDRICH, J.

This is a suit for an injunction. Plaintiffs are
stockholders in the Farmers Elevator Company, and sue
in their own behalf and in behalf of other stockholders
similarly situated. Defendants are the Farmers Co-
operative Mill & Elevator Company of Cozad and its
officers. The latter are managing the corporation with
the understanding that, by an amendment of the
articles of incorporation, the corporate name was
changed from the Farmers Elevator Company to the
Farmers Co-operative Mill & Elevator Company, and
that the original method of dividing profits by means
of dividends on stock had been changed to make the
amount of a stockholder's business transactions with
the corporation a basis for distribution of profits.
Plaintiffs allege that the amendment relating to prof-
its is illegal and void, and defendants plead that the
amendment and their action thereunder are regular and

valid. During the year 1916 the net profits were $9,481. The purpose of the suit is to prevent the distribution of profits under the amendment. From an injunction in favor of plaintiffs, defendants have appealed.

Was the injunction properly allowed? The question subjects the amendment in controversy to judicial scrutiny. The Farmers Elevator Company was organized in 1906 as a business corporation. The original articles and the laws then in force made dividends on stock the means of distributing profits. On this basis plaintiffs bought stock and invested money. They thus entered into a contract of which the original articles of incorporation and the laws applicable thereto were by construction material parts. *Enterprise Ditch Co. v. Moffitt*, 58 Neb. 642. In this way plaintiffs acquired the contractual right to share the net profits in the form of dividends on stock. In 1911 the legislature passed an act permitting the organization of a co-operative association "which authorizes the distribution of its earnings in part, or wholly, on the basis of, or in proportion to the amount of property bought from or sold to members, or of labor performed, or other service rendered to the corporation." Rev. St. 1913, sec. 733. In 1916 there was an attempt to amend the articles of incorporation by changing the Farmers Elevator Company to a co-operative association within the meaning of the statute cited. Later defendants planned to distribute profits under the amendment. Such a course, if pursued, would deprive plaintiffs of dividends to which they were entitled under their contracts as original stockholders and would destroy their contractual rights. This neither the legislature nor the defendants can lawfully do. 10 Cyc. 355; *McLeod v. Lincoln Medical College*, 66 Neb. 555.

It follows that the amendment and defendants' proceedings thereunder are void. It is well known that powers of corporations recognized under legislative charters are only such as the statute confers, con-

ceding what is fairly implied is as much granted as what is expressed. It remains that the charter of a corporation is a measure of its powers, and the enumeration of these powers implies the exclusion of all others. The amendment here sought changes the fundamental arrangement and plans of the corporation as organized in 1906, and hence the amendment sought is violative of the fundamental law of contracts. *Thomas v. Railroad Co.*, 101 U. S. 71.

It appears that this purported arrangement of the articles of incorporation was never presented at a stockholders' meeting, nor at any time considered or passed at a stockholders' meeting, and was never made a part of the records of the corporation, and it is void because it changes vested rights given in the articles and by-laws of 1906. We hold the name of the corporation under the circumstances cannot be changed by a board of directors as was attempted to be done. *Lange v. Royal Highlanders,* 75 Neb. 188, 121 Am. St. Rep. 786, 800, and note.

There was no acquiescence or other conduct on the part of plaintiffs to prevent relief by injunction. The amendment was void for other reasons which, in view of what has already been said, need not be stated. The injunction was properly allowed.

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.