STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. THURSTON STATE BANK: E. H. LUIKART, RECEIVER, APPELLANT, HEINRICH JOHNSEN ET AL., APPELLEES.

FILED JUNE 16, 1933. No. 28570.

*F. C. Radke* and *Barlow Nye*, for appellant.

*Howard Saxton* and *John E. Eidam*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

This is an appeal from the district court for Thurston county, in which an order was entered directing payment of the claims of the interveners, Heinrich Johnsen and John F. Krusemark, in full and prior to other creditors from the fund collected by the receiver for stockholders' liability in the Thurston State Bank as claims for money due the United States, on a deposit, to whose rights said interveners, who were sureties on the depositary bond, were subrogated.

This court in *State v. Thurston State Bank,* 121 Neb. 407, held: "The priority rights of the United States, when the conditions specified in section 3466, Rev. St. U. S., come into existence, cannot be impaired or superseded by a state law." And further: "When no intervening equity bars subrogation, a surety on a bond given by a state bank to secure a deposit of money by the United States is subrogated to the rights of the United States to priority of payment to the extent that such surety has paid such deposit."

The evidence in the case is mostly by stipulation and there is no apparent dispute as to the facts. When the Thurston State Bank became insolvent on January 12, 1928, there was on deposit in it $14,250 belonging to the United States, it being money deposited by the Indian agent for the Indian wards of the government. Johnsen and Krusemark were sureties for the Thurston State Bank on this deposit, and they paid the indebtedness in part and were subrogated, according to the findings of this court and as set out above, to the rights of the United States to the extent of such payment made by them. After the assets of the bank had been exhausted and payment made of the prior claims of the United States and of Johnsen and Krusemark, there still remained owing to interveners $1,606.80, with interest, as subrogees of the

United States. The receiver had collected a sum on the double liability of the stockholders and was holding it for distribution *pro rata* among all the creditors of the bank. Interveners then brought suit to compel the payment of the remainder of their claim in full out of the stockholders' liability fund before any distribution was made to the other creditors.

Appellees agree with the statement in reference to the evidence, with the exception that there is still about $975.24 withheld contrary to the decree, and contend that the receiver has on hand or may have on hand, if he will obey the decree of the district court and collect them, certain funds derived from the double liability of the stockholders, which should first be applied as the district court ordered them to be applied, namely, so far as necessary to pay interveners' prior and preferred claim. The receiver refused so to apply said funds, and appellees herein filed a motion in the district court for Thurston county to require said receiver to show cause why such funds should not be so applied. A showing was made before the court, and, as stated, an order was entered on May 24, 1932, requiring the receiver to pay, first, the sum due and owing appellees, and hence this appeal. Appellees contend that they are entitled to be paid in full as subrogees of the United States first and ahead of all other creditors pursuant to federal law.

The principal assignment of error is that the court erred in ordering the claim of interveners to be paid in full out of the funds collected by the receiver from the constitutional double liability of the stockholders of the failed bank. Therefore, the question put before this court concerns the construction of the federal statute, section 3466, U. S. Rev. St., which provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the

United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

It might be well to state the Nebraska constitutional provision pertinent to this case: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to any amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder, and all banking corporations shall publish quarterly statements under oath of their assets and liabilities." Const. art. XII, sec. 7.

This court in the case of *State v. Citizens State Bank,* 118 Neb. 337, held: "The liability of stockholders created by section 7, art. XII, of the Constitution, is for the benefit of all creditors of the bank against all who are stockholders when the creditor's claim accrues. The Constitution gives no preference to any creditor or class of creditors. All are on an equal footing, limited by the constitutional provision that the stockholder is liable only to those creditors whose claims accrue while he is such stockholder." And further, in the same case, it was held: "The constitutional double liability of stockholders of a state bank is not an asset of the bank, but is for the security of the bank's creditors."

In *Rogers v. Selleck,* 117 Neb. 569, it was held: "The double liability imposed by the Constitution upon stockholders of a state bank inures to the benefit of unpaid creditors of the bank, and not to the bank in its corporate capacity." And further: "In effect the constitutional provision imposing a double liability upon stockholders of a state bank requires them, in connection with their subscription for stock, to make contributions to a trust fund

for the benefit of unpaid creditors in the event of insol-vency, and the action to enforce their obligations must be prosecuted by one creditor for the benefit of all, or by the receiver."

It will be noted that the decisions set out above hold that the stockholders' liability fund is a trust fund specif-ically stated to be such for the benefit of the creditors generally, and the decisions of this court, in interpreting the constitutional provisions above set forth, have been to place all creditors on an equal footing, and have deter-mined that this fund is not an asset of the bank, but a trust fund created in the event of insolvency of the cor-poration itself; that it is a distinct fund, and not a part of the corporation, and inures to the benefit of the credi-tors generally.

There is no conflict upon the interpretation of the federal statute nor of the section of the Nebraska Consti-tution cited. The first requirement for the attachment of this priority is the insolvency of the person or corporation from whom money is due the United States. The insolvent debtor in this case is the Thurston State Bank, but the persons from whom the money is being collected, of whom the United States is now a creditor, are the solvent stock-holders of said bank. The first condition necessary for the operation of the statute is lacking.

There is another condition of the statute which is wholly lacking. The rule followed by all federal courts in applying this statute is that it is enforcible only against one who has title to the property of the insolvent. The re-ceiver as an arm of the court may be the collecting and disbursing agent for these creditors, but neither he nor the insolvent whose estate he administers ever has title to the fund derived from the stock liability in such a fashion as to permit the United States to demand priority of payment from such a fund, for the reason that title to this fund, which has been declared to be a trust fund, is vested in all the creditors alike. The receiver merely

brings the action as authorized, to collect the double liability.

While there are many interesting questions and distinctions set forth in appellees' brief, we cannot sustain their theory in this case, in view of the holdings of this court, determining that the stockholders' liability fund is not an asset of the bank, but is a trust fund, and that all creditors of the bank participate therein on an equal footing. Therefore, the remainder of the claim due appellees must take its regular order, together with all other creditors of the bank, *pro rata*, from the stockholders' liability fund.

The judgment of the district court is reversed and the cause remanded.

REVERSED.