ERNEST HOEPPNER V. CHARLES E. BRUCKMAN ET AL.: JAMES F. CROWLEY, TRUSTEE, APPELLANT: W. M. WHELAN, TRUSTEE, APPELLEE.

FILED JULY 2, 1935. No. 29331.

*Tibbets, Canaday & Hewitt,* for appellant.

*Edmund P. Nuss* and *W. M. Whelan, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY and CARTER, JJ., and MESSMORE and REDICK, District Judges.

CARTER, J.

This is an appeal from an order of the district court for Adams county confirming a sale of real estate in a foreclosure action in which order the court modified the decree of foreclosure and changed the priority of the liens therein adjudicated.

The record shows that the foreclosure action was commenced by Ernest Hoeppner on September 16, 1929, on a real estate mortgage dated December 12, 1921. One Youngblood filed an answer and cross-petition on the same day praying for the foreclosure of a tax sale certificate covering the lands included in the mortgage. On February 24, 1930, a decree was entered foreclosing both liens and fixing the tax lien as a first lien and the mortgage lien as a second lien. An order of sale was issued on June 14, 1933, and the premises were subsequently sold. On July 25, 1933, W. M. Whelan, as successor trustee for the holders of the bonds secured by the mortgage, filed his verified petition in the same action praying for an order confirming the sale and for a further order decreeing the mortgage lien to be a first lien instead of a second as adjudicated in the decree of foreclosure dated February 24, 1930. The petition filed alleged in substance that Youngblood had purchased and held the tax sale certificate as trustee for Hoeppner & Uerling, the original trustee of the holders of the bonds secured by the mortgage; that Hoeppner & Uerling were obligated by their contract of sale of the bonds to protect bondholders by paying the taxes due on said lands; that the purchase of the tax lien by Hoeppner & Uerling was a violation of their duty to and a fraud upon bondholders; and that the tax lien should therefore be subsequent to the rights of bondholders.

James F. Crowley, trustee in bankruptcy of the firm of Hoeppner & Uerling, filed an answer alleging that the decree of foreclosure of the tax lien had been assigned to him; that the same was a first lien, and that the trial court was without jurisdiction for the reason that the decree was granted under date of February 24, 1930, that the

term of court at which it was entered had expired, and that the petition did not allege facts entitling the trustee for bondholders any relief. Upon a trial of the case on the issues thus framed, the trial court held the mortgage lien to be superior to that of the tax lien. The trustee in bankruptcy of Hoeppner & Uerling thereupon appealed to this court.

It will be noted that the decree of foreclosure was entered on February 24, 1930, and the application for modification was filed on July 25, 1933, three years and five months later.

Fraud practiced by the successful party in obtaining the judgment or order is made a ground for modification by our statute. Comp. St. 1929, sec. 20-2001. In order to obtain a modification on this ground, however, proceedings to modify the judgment or order must be commenced within two years after the judgment was rendered or the order made. Comp. St. 1929, sec. 20-2008. In *State v. Security State Bank,* 125 Neb. 516, this court held: "A district court has power to vacate or modify its judgments or orders after the term at which they were made, only for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929." This same rule was followed in *Lyman v. Dunn,* 125 Neb. 770.

The only exception to the statutory limitation of two years is where the fraud was not discovered within that period. This court has set out the rule in the following apt language: "Equity will afford relief against a judgment procured by fraud of the successful party, when it appears that the injured party did not, in the exercise of reasonable diligence, discover, within the time allowed for commencing a statutory proceeding to vacate such judgment, sufficient evidence of the fraud to warrant a reasonable belief and expectation that such a proceeding would be successful, if begun." *Krause v. Long,* 109 Neb. 846. The petition of the trustee for bondholders does not allege that the date of the discovery of the alleged fraud was within two years of the date of the filing of the petition.

No reason whatever is given for not filing the application to modify the decree within the two-year period. This court is committed to the following rule: "Where such a petition fails to set forth that the facts were not discovered within two years of the trial, and fails to show any reason for extending the two years allowed by statute for setting aside judgments for fraud, equity is powerless to relieve." *Van Antwerp v. Lathrop,* 70 Neb. 747. Also, in *State v. Lincoln Medical College,* 86 Neb. 269, it was held: "There is nothing in the facts alleged to show that full knowledge did not come to the respondents within the two years, and, the statutory period having elapsed, it was incumbent on the petitioners to allege some facts excusing the failure to comply with the statute." See, also, *Brandeen v. Beale,* 117 Neb. 291. We therefore conclude that the trustee for bondholders is not entitled to relief in the case at bar, he not having pleaded or proved facts that gave the district court jurisdiction to act.

The statute requires that the application for modification should set forth the defense the applicant has to the original action. Comp. St. 1929, sec. 20-2002. The trustee for bondholders pleads that Hoeppner & Uerling were obligated by their contract of sale of the bonds to protect bondholders by paying the taxes represented by the tax sale certificate. No written contract was entered into and no attempt was made to prove an oral one. The record shows that each of the bonds sold was indorsed as follows: "For value received, I hereby assign and transfer the within bond, together with all my interest in and all rights under the mortgage securing same to (naming indorsee) without recourse." Under this state of the record, Hoeppner & Uerling were under no duty or obligation to protect the bondholders by paying the taxes represented by the tax sale certificate. It is not charged that they acted in bad faith in purchasing the tax sale certificate. Neither is it charged that the tax sale certificate was purchased for the purpose of obtaining a prior lien to bondholders with a view of depriving them of their lien. If Hoeppner &

Uerling had not purchased the tax sale certificate, the taxes would still be a first lien on the lands in question. The decree of foreclosure of the tax lien provided for the payment of interest thereon at the rate of 10 per cent. per annum, the same rate the taxes were bearing before the tax lien was sold. We fail to see where the bondholders have been in any way injured by the action of Hoeppner & Uerling in purchasing this tax sale certificate. To say the very least, it would be inequitable to require the trustee in bankruptcy for Hoeppner & Uerling to give up his lien without being placed *in statu quo*, which would require a return of the money used by Hoeppner & Uerling in buying the tax sale certificate. We conclude, therefore, that the first decree was right on the merits of the case and that it should not have been modified.

The decree of the trial court modifying the decree of foreclosure dated February 24, 1930, is reversed and the application for modification is dismissed.

REVERSED AND DISMISSED.