E. H. LUIKART, RECEIVER OF THE COMMERCIAL STATE BANK OF OMAHA, APPELLEE, V. J. J. HEELAN ET AL.: F. A. GUGGENMOS ET AL., APPELLANTS.

286 N. W. 780

FILED JUNE 27, 1939. No. 30468.

*Hotz & Hotz* and *C. J. Campbell,* for appellants.

*F. C. Radke* and *Young & Williams, contra.*

Heard before ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and CHAPPELL, District Judge.

PAINE, J.

An equity action was brought by the receiver of the

Commercial State Bank, of Florence, Douglas county, against some eleven stockholders of said bank to require them to contribute and pay, by virtue of the Constitution and laws of Nebraska, the double liability upon the shares of stock owned by them in said bank. The district court found for the plaintiff, and entered judgment against Fred A. Guggenmos for $300, William J. Hotz, $500, and Fred Armbrust, $1,000, each with interest. Motion for new trial was overruled, and supersedeas bonds were duly filed by Fred Armbrust and William J. Hotz. Fred Armbrust having died, consent was given to revivor, and it is directed that an order of revivor be duly entered. Fred A. Guggenmos having failed to file either a cost bond or supersedeas bond, his appeal is hereby dismissed for such failure.

This action is brought to this court without a bill of exceptions, and therefore only questions of law may be considered. It may be noted that a few pages of a supplemental transcript are attached to the original transcript.

The petition alleges in proper form that the receiver was duly appointed, and took charge of said bank, that all corporate property of said bank was converted into money and applied to the payment of indebtedness, and that there still remained debts and liabilities in the sum of $77,664.66 due to the creditors of said bank; that each stockholder of said bank owes $100 upon each and every share of stock owned in said bank, as all of said indebtedness and liabilities accrued to the creditors of said bank while the defendants were stockholders in said bank, and under the Constitution and laws of Nebraska each stockholder must contribute an amount equal to the shares of stock held by him therein. Plaintiff asked for an accounting to determine the number of shares held by each defendant, and prayed for judgments thereupon to be entered and execution awarded.

To this petition a demurrer was filed on October 20, 1931, charging that the facts stated in the petition did not constitute a cause of action in favor of the plaintiff. The transcript shows no ruling on said demurrer. Said de-

murrer might have been argued, held under advisement for a long time, and then overruled, for the next filing in said case is nearly five years later. However, we cannot speculate as to what was done, but in any event the filing of the answer was a waiver of the general demurrer. This court has held that the filing of an answer to the merits is a waiver of all objection to the legal capacity of the plaintiff to sue where the defect, if any, appears in the petition. *Pine-Ule Medicine Co. v. Yoder & Eply,* 91 Neb. 78, 135 N. W. 383.

As stated above, we find an answer was filed August 10, 1936, the original of which is now missing from the files, but the rule copy served upon F. C. Radke, attorney for plaintiff, is set out in the transcript. The answer denied the appellee's capacity to sue; alleged that the constitutional amendment of 1930 amending section 7, art. XII of the Constitution, had no application because by the amendment receivers were given the right to sue, but the answer alleged the case was governed by the law as it existed prior to the filing of the petition on June 23, 1930, which provided that the secretary of the department of trade and commerce alone might sue; that the liability of stockholders was secondary; that the stockholders' liability was based upon both sections 4 and 7, art. XII of the Constitution, and not upon section 7, art. XII, as subsequently amended. The appellants denied in said answer that any cause of action existed against the three answering defendants.

An amendment of three pages to the answer was filed as paragraph 10, setting out certain legal services rendered by William J. Hotz after said bank was taken over by the guaranty fund commission, but no written contract of employment had ever been made in reference thereto.

On May 25, 1937, plaintiff demurred to said new paragraph 10, and the court sustained said demurrer, and struck out said proposed amendment from the answer. The second ground for reversal is this alleged error of the court in striking out said proposed tenth paragraph to the answer. We have carefully examined the same, and considered the

alleged prejudicial error in the court's ruling. Paragraph 10 did not plead a cause of action or a set-off on account of attorney's fees for service, but rather it alleged that, because of certain discussions between some representative of the former guaranty fund commission and Mr. Hotz, under certain conditions the receiver would be estopped from enforcing a stockholder's liability against W. J. Hotz. Such an understanding, if there was one, could not work an estoppel against the legal claims of the creditors of the bank, and the ruling by the trial court appears to have been the only ruling which could have been made.

The principal ground for a reversal of the judgment in this case is the defendants' first proposition of law, setting out that on May 13, 1937, the Nebraska legislature (Laws 1937, ch. 18) passed Legislative Bill No. 262, by which there was to be submitted to the voters of Nebraska at the general election on November 8, 1938, the proposition of whether or not "Section 7, Article XII, Constitution of Nebraska, fixing individual liability of stockholders in banking corporations or banking institutions," should be repealed. It is further stated that the court will take judicial notice that in the form provided in said session laws the repeal of the constitutional provision was so submitted, and the entire section repealed by the requisite number of voters, and officially proclaimed.

Therefore, defendants claim that the repeal of such constitutional provision by the people, without any reservation provided in the repeal, takes away all rights as well as remedies given by the repealed statute, and defeats all actions and proceedings pending under it at the time of its repeal, in the absence of vested rights where a consideration had already passed from a contracting party at the time of the repeal.

In support thereof, the defendants cite *State v. Citizens State Bank*, 118 Neb. 337, 224 N. W. 868, the first paragraph of the syllabus of which reads as follows: "Liability of Stockholders: Constitutional Provision. The provisions of section 7, art. XII, of the Constitution, are self-executing.

No legislative act is necessary for their enforcement. The stockholders' liability thereby created is free from legislative interference."

It is asked by defendants, if the liability had its origin under the constitutional provision just quoted, which is self-executing under the law, and if the same was repealed without a saving clause by the people of the state at an election held for that purpose, may the legislature provide a saving clause and otherwise vary the terms of the repeal decided by the people? The answer on that point, say the defendants, is positively against appellee's position, and it is argued that judgments already entered against the defendants must be set aside and vacated.

In general, the personal liability of bank stockholders is regarded primarily as a contractual one, on the theory that all valid and applicable constitutional or statutory provisions form a part of the contract which a person assumes in acquiring ownership of bank stock. 9 C. J. S. 151, sec. 78.

This is not a new question before this court, for we have held that bank stockholders' liability is a contractual obligation, and that by construction the constitutional provisions in effect when the shares of stock were purchased are material parts thereof. *Allen v. White,* 103 Neb. 256, 171 N. W. 52; *Luikart v. Paine,* 126 Neb. 251, 253 N. W. 86; *Luikart v. Higgins,* 130 Neb. 395, 264 N. W. 903.

To be more specific, one who subscribes for stock in a corporation enters into a contractual relation arising out of the signing of the stock book or the stock subscription, the receipt for money paid for the shares, the terms of the stock certificate issued to him, together with the charter, or articles of incorporation, and the by-laws. Finally, important considerations and guides in determining said contractual relations are the Constitution and the laws relating thereto which were in force at the time. *Kennedy v. Central Power Co.,* 129 Neb. 637, 262 N. W. 504.

The obligations had become fixed, and the repeal of the double liability provision of the Nebraska Constitution could not, and did not, abate or otherwise affect the obligation of

the stockholders entered into years ago. The debts due these creditors were already contracted and determined. The repeal of the double liability provision cannot divest the creditors of the banks from rights already established.

We must uphold the rights and obligations to just the same effect in the case at bar as though there had not been any repeal of the constitutional provision for a double liability. 13 Am. Jur. 584, sec. 573; 12 C. J. 1062; *Coombes v. Getz*, 285 U. S. 434, 52 S. Ct. 435, 76 L. Ed. 866; *In re Westchester Title & Trust Co.*, 10 N. Y. Supp. (2d) 190; *Henry v. Alexander*, 186 S. Car. 17, 194 S. E. 649.

This court has recently had this same question before it, and on June 2, 1939, released the opinion in *Department of Banking v. Foe, ante*, p. 422, 286 N. W. 264, in which we held:

"The repeal of a constitutional provision, imposing double liability on corporate stockholders of an insolvent bank, not containing a saving clause, does not affect the obligation of such stockholders as to liabilities incurred by the banking institution prior to such repeal.

"Where private rights of parties have vested by judgment of a court, they cannot, by subsequent legislation, be taken away, but must be thereafter enforced by the court, regardless of such legislation."

We have carefully examined all assignments of error, and find no prejudicial error in the record, and the judgments of the trial court are hereby

AFFIRMED.