STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, PLAINTIFF, V. COMMERCIAL STATE BANK OF OMAHA, DEFENDANT: WILLIAM J. HOTZ, INTERVENER, APPELLANT, E. H. LUIKART, RECEIVER, ET AL., APPELLEES.

10 N. W. (2d) 268

FILED JUNE 11, 1943.   No. 31537.

*Hotz & Hotz, C. J. Campbell* and *William F. Dalton,* for appellant.

*F. C. Radke* and *Young & Williams, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is an appeal by intervener William J. Hotz from an order of the trial court dismissing both causes of action in his petition of intervention filed in these proceedings on May 25, 1940, praying for an injunction, accounting, judgment, decree of set-off and other equitable relief. The injunctive feature is to restrain the enforcement of a judgment against intervener for bank stockholders' liability (*Luikart v. Heelan,* 136 Neb. 492, 286 N. W. 780) until offset could be adjudicated on his two causes of action. After the filing of the petition of intervention, motions and demurrers filed by defendants were overruled, and they answered. At the beginning of the trial on the merits, at another term, and after opening statements of counsel had been made, defendants orally in open court renewed their demurrers, demurred *ore tenus,* and moved for dismissal of the petition. No application was made by intervener to amend. The trial court thereafter sustained defendants' motions and demurrers, and dismissed the petition. Intervener appeals to this court.

At the outset intervener contends that demurrer *ore tenus* and motion to dismiss were not available to defend-

ants under the circumstances. This contention is without merit. We said in *Dickinson v. Lawson,* 125 Neb. 646, 251 N. W. 656: "A demurrer *ore tenus* is recognized by this court as permissible practice, and if the pleading to which it is addressed is totally defective, it is error to admit any evidence under such pleading." See, also, *Curtis & Co. v. Cutler,* 7 Neb. 315; *Ball v. LaClair,* 17 Neb. 39, 22 N. W. 118.

Questions relating to the sufficiency of a petition should be determined before a cause comes on for trial by the court. If the court makes an erroneous ruling and afterwards in the trial of the case, with more exhaustive investigation of the question, finds that his first ruling is wrong, the principle of *res adjudicata* does not apply and it may be corrected at a subsequent term. *Perry v. Baker,* 61 Neb. 841, 86 N. W. 692; *Tiernan v. Miller & Leith,* 69 Neb. 764, 96 N. W. 661; *Follmer v. State,* 94 Neb. 217, 142 N. W. 908.

The intervener's first cause of action is *res adjudicata* and barred by the statute, section 20-2008, Comp. St. 1929. In this connection, the petition discloses that the Commercial State Bank of Omaha, Nebraska, was placed in receivership on December 1, 1926. Prior to the time that the bank was placed in the hands of the guaranty fund commission and in receivership, intervener was attorney for the bank. On February 17, 1927, he filed a claim in these receivership proceedings in the sum of $3,553.31 for attorney's fees and money expended as such attorney for the bank. The claim was rejected by the receiver and, upon default of intervener, was denied by the court on March 17, 1927, from which order no appeal was ever taken. Intervener asserts that at this time he believed, and the receiver and his agents misled him to believe, that he was not a stockholder in the bank and there would not be any liability imposed upon him as such, and as there were not many assets he did not press the claim.

However, on June 23, 1930, the receiver brought suit against intervener for bank stock liability which was established in the district court and affirmed by this court in *Luikart v. Heelan, supra.* When the final order was made

against him establishing his stockholders' liability on May 25, 1940, it amounted to $844. Intervener further alleges that he has no remedy at law; that he will suffer irreparable damage unless the disallowance of the claim is vacated and thereafter established as a valid claim and offset permitted.

The law is that an order of the court allowing or disallowing a claim and fixing its status in a bank receivership is a judgment and unless modified at the term at which it is rendered, or appealed from, becomes with the adjournment of the term a final adjudication of the claim and its status. *State v. Platte Valley State Bank,* 128 Neb. 562, 259 N. W. 643; Braver, Liquidation of Financial Institutions, 1229, sec. 1062.

The district court has power to vacate or modify its judgments or orders after the term at which they were made for the reasons set forth in section 20-2001, Comp. St. 1929, or concurrently in equity. Subdivision 3 thereof has no application to the case at bar as contended by the intervener, for the reason that there is no irregularity in the obtaining of the judgment or order. The court is not authorized in its discretion to set aside a judgment or order after the term because of plaintiff's own mistake, inadvertence, or neglect. *Kulhanek v. Kulhanek,* 106 Neb. 595, 184 N. W. 139.

Section 20-2001, Comp. St. 1929, provides in part: "A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made:* * * Fourth. For fraud practiced by the successful party in obtaining the judgment or order." Section 20-2008, Comp. St. 1929, provides in part: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four * * * of section (20-2001) of this code must be commenced within two years after the judgment was rendered or order made * * * ."

In a proceeding which seeks to modify or vacate a judgment on account of fraud after two years from the rendition of the judgment, if the petition shows that the facts

were discovered within the period of limitation and fails to show any good reason why the two years should be extended by a court of equity it is not error for the court on motion or demurrer to dismiss the action. *Brandeen v. Beale,* 117 Neb. 291, 220 N. W. 298. See, also, *State v. Lincoln Medical College,* 86 Neb. 269, 125 N. W. 517; *Hoeppner v. Bruckman,* 129 Neb. 390, 261 N. W. 572.

We conclude that if fraud was practiced, as claimed by intervener, in obtaining the judgment or order disallowing intervener's claim, his petition discloses that he discovered it on June 23, 1930, when suit was filed against him to recover for his stock liability, approximately ten years before he filed the present action and thirteen years after the disallowance of the claim. The claim could not be set off against the judgment for stock liability in any event for reasons hereinafter appearing.

Intervener's second cause of action is not a proper set-off against a judgment for bank stock liability and demurrer thereto and motion to dismiss were properly sustained by the trial court. In this connection, intervener asserts that on December 1, 1926, when the receiver was appointed, there were certain of the bank's cases then pending in court; that shortly thereafter he and the receiver entered into an oral agreement whereby intervener, already attorney for the bank and having full knowledge of these cases, should continue to act as an attorney therein until they were tried in court or otherwise concluded. The alleged services were performed in 1926, 1927, and 1928, and completed during the latter year. No claim was ever filed for such services in these proceedings until March 4, 1940, approximately ten years after the date of decree of deficiency, and suit was filed to recover his stock liability based thereon.

In paragraph 10 of his answer to the suit against him to recover upon his stock liability he did plead estoppel by reason of these services to enforce liability. Demurrer to this paragraph by the receiver was sustained by the trial court. In this connection, on appeal (*Luikart v. Heelan,* 136 Neb.

492, 286 N. W. 780), we said (page 495): "Paragraph 10 did not plead a cause of action or a set-off on account of attorney's fees for service, but rather it alleged that, because of certain discussions between some representative of the former guaranty fund commission and Mr. Hotz, under certain conditions the receiver would be estopped from enforcing a stockholder's liability against W. J. Hotz. Such an understanding, if there was one, could not work an estoppel against the legal claims of the creditors of the bank, and the ruling by the trial court appears to have been the only ruling which could have been made."

In the present proceedings intervener is confronted with rules of law and equity equally insurmountable. His claim was for services rendered the bank and the receiver for the bank in liquidating its assets. Under the circumstances appearing it is not now payable out of and cannot be offset against the special additional trust fund which intervener did not by these services either collect or create, and which is not a part of the assets of the bank or of the receiver of the bank.

The rule is that a stockholder is not entitled to set off any debt due him from the bank against his statutory liability as a stockholder upon insolvency of the bank and after decree of deficiency, as the superadded liability of stockholders is a trust fund for the benefit of creditors, to share *pro rata* without preference. A stockholder's liability cannot be enforced or established until the exact amount justly due in all cases of claims against the bank has been ascertained after the corporate property and assets are exhausted and the deficiency declared by judicial decree. In the collection of this trust fund and its disposition thereafter the receiver represents the creditors and not the bank. *Rogers v. Selleck,* 117 Neb. 569, 221 N. W. 702; *State v. Citizens State Bank,* 118 Neb. 337, 224 N. W. 868; *State v. Thurston State Bank,* 125 Neb. 120, 249 N. W. 90; *Parker v. Luehrmann,* 126 Neb. 1, 252 N. W. 402; *Luikart v. Higgins,* 130 Neb. 395, 264 N. W. 903. See, also, 9 C. J. S. 153, sec. 73. The trust fund not being an asset of the bank the two claims do

not arise in the same right and set-off would result in a preference of one claimed creditor over others already judicially determined for whom the trust was lawfully created. *State v. Thurston State Bank, supra.* See, also, Braver, Liquidation of Financial Institutions, 1157-1175, sec. 986 *et seq.*, and cases cited therein; 9 C. J. S. 192, sec. 97.

Intervener's allegation that there are no creditors is a conclusion of law and contrary to the trial court's own records in the same case in which these proceedings were filed, of which the court takes judicial notice. *Solomon v. A. W. Farney, Inc.,* 136 Neb. 338, 286 N. W. 254. Further, the recovery of the stock liability judgment against intervener in the same trial court, and its affirmance in this court (*Luikart v. Heelan,* 136 Neb. 492, 286 N. W. 780), adjudicated that there still remained unpaid creditors. Intervener makes no attack upon this judgment, the collection of which he seeks to enjoin, and equitable subrogation is complete. *State v. Citizens State Bank,* 118 Neb. 337, 224 N. W. 868. Equity will not do injustice to the creditors of the bank, or their subrogees, who are not responsible for intervener's dilemma.

*Cole v. Adams,* 101 Neb. 21, 161 N. W. 1036, relied upon by intervener, is clearly distinguishable. In that case after failure of a national bank defendant, a stockholder, delivered the sum of $8,799 in notes to the receiver, the proceeds of which were to be used for the benefit of the creditors under an express agreement that it should be offset against his stockholder's liability. We held that an order for an assessment by a comptroller of the currency did not conclusively determine the liability of a stockholder in a suit by a receiver to collect the assessment; that since the proceeds were delivered by defendant to the receiver after failure of the bank for a specific purpose amounting to a trust for the benefit of creditors of the bank, which was used for their benefit by the receiver, defendant was entitled to set-off because there was not lack of mutuality and it did not result in a preference or deprive the creditors of assets to which they were lawfully entitled.

*Witters v. Sowles,* 32 Fed. 130, distinguished in *Cole v. Adams, supra,* is more nearly a precedent for the case at bar.

We conclude that the trial court did not err when it sustained defendants' demurrer *ore tenus* and dismissed the petition in intervention, and the judgment is affirmed.

AFFIRMED.