LORENA KATZ, APPELLANT, V. RALPH W. SWANSON, APPELLEE.

24 N. W. 2d 923

FILED NOVEMBER 29, 1946. No. 32117.

*Ziegler, Dunn & Becker,* for appellant.

*Brown, Crossman, West, Barton & Fitch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, JJ., and WILSON, District Judge.

MESSMORE, J.

This is an action in equity brought by the plaintiff for the purpose of declaring a sheriff's deed null and void, and to quiet title in favor of plaintiff and against the defendant. The defendant demurred to the plaintiff's amended petition. The demurrer was sustained. The plaintiff elected not to plead further and the petition was dismissed. Plaintiff appeals.

For convenience, the appellant will hereinafter be referred to as plaintiff and the appellee as defendant.

The amended petition raises the question as to the sufficiency of the affidavit for service by publication and alleges that such affidavit did not comply with the requirements of the statutes of Nebraska; second, that the County of Douglas was guilty of fraud in procuring the judgment of foreclosure of the tax lien, and that under the general equity power of the court the judgment should be set aside.

The plaintiff's only assignment of error is that the judgment of the trial court is contrary to law.

In determining this appeal it becomes necessary to refer to the case of the County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, a tax-foreclosure case brought by the County of Douglas pursuant to and by authority of a resolution of the Board of County Commissioners, as provided by section 77-2039, Comp. St. 1929. The third cause of action therein relates to the real estate involved in the instant case, owned by the plaintiff. The plaintiff in the instant case filed a special appearance objecting to the jurisdiction of the district court, and asked the court to quash the service by publication had upon her for the reason that she had at-all times during the year 1942, and prior thereto for over fifty years, been a resident of and domiciled in the State of Nebraska, and that the service by publication upon her was null and void. This court declared the question presented in such case as follows: "Being in the form of a collateral attack, the only question before us is whether or not the decree entered is void. Restatement, Judgments, sec. 11, p. 65."

In determining this question this court referred to section 25-517, R. S. 1943. Subsection six thereof provides service may be made by publication "(6) in all actions wherein the subject matter is as described in subdivisions (1) or (4) of this section, whether the defendant be a resident or nonresident of this state, wherein it is alleged in the petition or other pleading that the plaintiff or person in

whose behalf such allegations are made, after diligent investigation and inquiry, is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants to such action, and when the court in which such action is docketed, or a judge thereof, being satisfied that sufficient investigation has been made, shall make an order in such action directing that service be had upon such defendant or defendants by publication."

This court then said: "The provisions of this statute expressly provide that service may be had upon a resident. The court can acquire jurisdiction of a person in the manner therein provided. Therefore, the sole fact that Lorena Katz was a resident of Nebraska and might have been served therein is not, by reason of the provision of the statute under which the appellant proceeded, sufficient to make the decree void. * * * At the time the application for order for service by publication is made, it is the court, or judge thereof, and not the parties, that is to determine the sufficiency of the investigation made and, if satisfied, to order such service.

"That a party may, at the proper time, challenge the truth of the allegations in the affidavit in the proceedings itself has been determined in Jackman v. Miller, 119 Neb. 463, 229 N. W. 778, wherein we stated as follows: '* * * When, either before or after the entry of an order for service by publication, and before default is entered or judgment rendered, an objection is filed by an interested party impugning as untrue the facts alleged in plaintiff's affidavit, as in this case, then it becomes necessary for the court or judge to set the matter for hearing, and determine whether or not the challenged allegations are true. Welch v. Ayres, 43 Neb. 326.'

"While the court may have erred in determining that the investigation and inquiry made by appellant was sufficient, however, after default and entry of decree the findings are final and conclusive unless vacated or set aside on appeal

or by proper equitable or statutory proceedings. * * * The question whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments. (Citing cases.)"

"Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" Restatement, Judgments, § 11 (a) p. 65.

As stated in Butler v. McKey, 138 F. 2d 373: "A motion, made after expiration of time for direct appeal from default judgment, to quash service of summons by publication under California statute, must be considered under principles applicable to 'collateral attack' on judgment, though such motion is 'direct attack' on judgment." This statement is quoted with approval in County of Douglas v. Feenan, *supra*. See, also, Davis v. Vinson Land Co., 76 Kan. 27, 90 P. 766.

It is obvious that in County of Douglas v. Feenan, *supra*, this court judicially determined that the affidavit for service by publication attacked in the instant case was sufficient to vest jurisdiction in the district court, and complied with the statutes governing such service. The decree in the tax-foreclosure action was held to be valid.

The plaintiff also contends that the judgment was obtained by fraud and should be set aside, citing Howard Stove & Furnace Co. v. Rudolf, 128 Neb. 665, 260 N. W. 189, to the effect: "Where the circumstances call for equitable relief, a decree may, upon petition in equity, be set aside by a court of equity having jurisdiction of the parties and of the subject-matter of the suit, after expiration of the term at which it was rendered." See, also, Abbott v. Johnston, 93 Neb. 726, 141 N. W. 821; Pavlik v. Burns, 134 Neb. 175, 278 N. W. 149; In re Estate of Jensen, 135 Neb. 602, 283 N. W. 196.

In this connection the plaintiff alleges that "said pretended service of summons by publication upon the said Lorena Katz was fraudulent and untrue; that in truth and in fact Lorena Katz had been a resident of Omaha, Nebraska, for over fifty years at the time the said suit was filed, and was residing temporarily in Lincoln, Nebraska; that the whereabouts of Lorena Katz was well known to many and divers persons in Omaha, Nebraska; that said Lorena Katz had filed an income tax return in Omaha, Nebraska, during the year 1942 and for each year prior thereto for many years; that the said Lorena Katz was a member of Temple Israel Church in Douglas County, Nebraska; that notwithstanding said facts * * * County Attorney, made a false and untrue affidavit stating that he had made diligent search for Lorena Katz and that he did not know her whereabouts, if in this state; that as a result of said false and fraudulent affidavit and misrepresentation" the order was procured.

The order authorizing the service by publication was made in April 1942, so that the plaintiff in the present action is attempting to set aside an order of the district court which was made more than three years prior to the time the present action was commenced.

Section 25-2001, R. S. 1943, governing the vacation or modification of a judgment is in part as follows: "A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made * * * (4) for fraud practiced by the successful party in obtaining the judgment or order * * *."

Section 25-2008, R. S. 1943, provides: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in section 25-2001, subdivisions (4) * * * must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant or person of unsound mind, and then within two years after removal of such disability."

This court in Hoeppner v. Bruckman, 129 Neb. 390, 261 N. W. 572, in speaking of the foregoing statutory provision, at that time section 20-2008, Comp. St. 1929, said:

"The only exception to the statutory limitation of two years is where the fraud was not discovered within that period. This court has set out the rule in the following apt language: 'Equity will afford relief against a judgement procured by fraud of the successful party, when it appears that the injured party did not, in the exercise of reasonable diligence, discover, within the time allowed for commencing a statutory proceeding to vacate such judgment, sufficient evidence of the fraud to warrant a reasonable belief and expectation that such a proceeding would be successful, if begun.' Krause v. Long, 109 Neb. 846. * * * This court is committed to the following rule: 'Where such a petition fails to set forth that the facts were not discovered within two years of the trial, and fails to show any reason for extending the two years allowed by statute for setting aside judgments for fraud, equity is powerless to relieve.' Van Antwerp v. Lathrop, 70 Neb. 747."

In the instant case, the amended petition shows upon its face that the present action was not brought within two years from the making of the order complained of and, with respect to the claimed fraud, does not set forth the reason for not bringing the action within two years. It therefore does not state a cause of action.

The service by publication obtained in the instant case must have been well within the knowledge of this plaintiff. There is nothing in the facts alleged to show that full knowledge did not come to the plaintiff within the two years, and the statutory period having elapsed, it was incumbent upon the plaintiff to allege some facts excusing the failure to comply with the statute. See Brandeen v. Beale, 117 Neb. 291, 220 N. W. 298; State v. Lincoln Medical College, 86 Neb. 269, 125 N. W. 517.

We conclude that the judgment of the trial court is for affirmance. AFFIRMED.